BEN C. JONES & COMPANY v. GAMMEL-STATESMAN PUBLISHING COMPANY ET AL.

No. 1629.   Decided February 6, 1907.

**1.—Res Judicata—Continuing Contract—Action for Partial Breach.**

A suit and recovery for the contract price for printing certain books did not bar a subsequent action by the plaintiff, upon the same contract, for loss of the profits for printing other books of which defendant thereby undertook to give him the printing; the contract, though entire for the printing of all the books from time to time, was continuous, and each breach gave rise to an independent cause of action. (P. 331.)

**2.—Same—Additional Breach.**

Plaintiff, suing on a partial breach of an entire but continuous contract, must, in some states, include all rights of recovery accruing thereon before commencing suit; but he is not bound to include by amendment actions for breaches occurring between the institution of suit and trial, to prevent their being barred by the judgment. (Pp. 331, 332.)

**3.—Contract—Implied Promise.**

A contract between two parties that the first was to print certain books for the second from manuscript to be obtained from the latter implied an undertaking by the latter that it would furnish such manuscript, and give the work to the first party, though it had not directly contracted to do so. (Pp. 332, 333.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

Ben C. Jones & Co. sued the Gammel-Statesman Publishing Company, and appealed from a judgment recovering only a part of the demand sued for. On affirmance, both parties obtained writs of error.

*S. R. Fisher* and *Jno. C. Townes,* for plaintiffs in error Ben C. Jones & Co.—Whether a contract is separable or entire is to be determined by the intention of the parties and the nature of the subject matter of the agreement. If the part to be performed by one party consists of several distinct and separable items, and the price to be paid by the other is by the parties apportioned to each item thus to be performed, the contract is uniformly held to be separable, unless its terms show clearly a different intention. Smith v. Crosby, 47 Texas, 128; Perkins v. Hart, 11 Wheat., 237; Hutchens v. Sutherland, 22 Nev., 363; State v. Jones, 21 Nev., 510; Moore v. Bonnett, 40 Cal. 251; Clark v. Baker (Mass.), 5 Met., 452;Lucessco Oil Co. v. Brewer, 66 Pa., 351; Quigley v. De Hass, 82 Pa., 267; Terry v. Beatrice Starch Co., 62 N. W. Rep., 255; West Republic Min. Co. v. Jones, 108 Pa., 55; Coleman v. New Orleans Ins. Co., 16 L. R. A., 177; Zimmermann v. Erhard, 83 N. Y., 74; Lee v. Taylor, 11 N. Y. Sup., 131; 2 Parsons on Contracts, 517; 9 "Cyc.," 648, and cases cited in notes. Iowa Brick Mfg. Co. v. Herrick, 126 Ia., 721, 102 N. W. Rep., 787; Hansen & Linehan v. Consumers' Steam Heating Co., 73 Ia., 77; McLaughlin v. Hess, 164 Pa., 570; Withers v. Reynolds, 2 Barn & Ad., 882; Veerkamp v. Hurlburd Canning & Drying Co., 58 Cal., 229; Reybold v. Voorhees, 30 Pa., 116; Robinson v. Exempt Ins. Co., 103 Cal., 1; Bowers Granite Co. v. Farrell, 66 Vt., 314; Hindrey v. Williams, 9 Colo., 371.

The fact that separate causes of action of a similar nature may be joined in one suit does not make it obligatory on the plaintiff to join them; and a judgment on one such cause of action is not in our law res adjudicata as to any other of them. Moore v. Snowball, 81 S. W. Rep., 5; Ferguson v. Culton, 8 Texas, 283; James v. James, 81 Texas, 380; Phillopowski v. Spencer, 63 Texas, 608; Teal v. Terrell, 48 Texas, 491; Stark v. Starr, 94 U. S., 477, 24 L. Ed., 276.

The common law test as to whether or not there is a technical splitting of a cause of action is this: If the same allegations are required in the pleading and the same evidence in the hearing in the two cases, the cause of action is split, otherwise it is not. The two suits involved here are so distinct that neither the pleading nor the proof is the same. Stark v. Starr, 94 U. S., 477, 24 L. Ed., 276;Hitchen v. Campbell, 2 W. Bl., 827; Martin v. Kennedy, 2 B. & P., 69, 71; Brunsden v. Humphrey, 10 Q. B. Div., 141; Seddon v. Tutop, 6 T. R., 607; Thorpe v. Cooper, 5 Bing., 116; Perry v. Dickerson, 85 N. Y., 345, 350; 39 Am. Rep., 663; Gaar v. Hurd, 92 Ill., 315; Huffman v. Knight, 60 Pac. Rep., 307.

The several contracts as to the different volumes of reports being separate and distinct, the doctrine that a suit for the money due on one instalment of an entire contract will bar subsequent suits for any other instalment due when the first suit was instituted, does not apply. See former authorities; also, Lake Shore & M. S. Ry. Co. v. Richards (Ill.), 38 N. E., 773.

It is a fundamental rule of law that every person is entitled to a trial on every cause of action which he may have against another. The doctrine that a suit for one cause of action is merged in a suit on another is an exception contrary to the general rules of law, and should

not be extended beyond the adjudged cases. Secor v. Sturgis, 16 N. Y., 548; Bond v. Weed Sew. Mach. Co., 23 Kan., 119; Madden v. Smith, 28 Kan., 798; Whittaker v. Hawley, 30 Kan., 317.

There is a respectable line of authorities which do not recognize the doctrine of the merger of separate causes of action upon instalments due on an entire contract. The question is an open one in Texas, so far as we have been able to ascertain. Badger v. Tetcomb, 32 Mass., 15 Pickering, 412; Terry v. Beatrice Starch Co., 62 N. W., 255; Shaw v. Beers, 25 Ala., 450; Stifel v. Lynch, 7 Mo. App., 326; Perry v. Dickerson, 85 N. Y., 347; Hutchens v. Sutherland, 22 Nev., 363.

If it should be conceded that the authorities regarding the merger of different causes of action for different instalments of money due on an entire contract are applicable in this case, the extent to which those authorities go is to make the former suit a bar to all causes of action existing and suable at the time of the institution of the first suit. After very diligent search, we can find no case which extends the doctrine of merger of causes of action arising after the institution but before the trial of the first suit. In every instance in which the matter is adverted to the authorities expressly deny that the rule of merger has any application to such causes of action. See former statements and authorities, especially: Howe v. Harding, 84 Texas, 74; Beach v. Crain, 2 N. Y., 86; Secor v. Sturgis, 16 N. Y., 548; Reform Church v. Brown, 54 Barbour, 191; Union R. & T. Co. v. Traube, 59 Mo., 362; Nickerson v. Rockwell, 90 Ill., 462; Bond v. Weed Sew. Mach. Co., 23 Kan., 119; Whittaker v. Hawley, 30 Kan., 317.

A contract consisting of several items and founded on a consideration which is to be apportioned to each item is severable. Where the consideration to be paid is severable the contract is usually severable, even though the service to be performed is entire. Where both the consideration and the service are severable, the several parts of each being apportioned to the correlative parts of the other, the contract is necessarily severable. This is not changed by the fact that there is only one written instrument executed between the parties. The contract in this case is of the latter kind. Rugg v. Moore, 110 Pa. St., 236; McLaughlin v. Hess, 164 Pa. St., 570; Barnard v. McLeod, 114 Mich., 73; Crogster v. Bayfield County, 99 Wis., 1; Keeler v. Clifford, 165 Ill., 544; Pierson v. Crooks, 115 N. Y., 554; Hutchens v. Sutherland, 22 Nev., 363; Dibol v. Minott, 9 Iowa, 403.

Whether the breach of one of a number of covenants in a written instrument operates as a discharge of the whole contract depends upon whether the covenants in effect make one entire contract or a number of contracts. Ming v. Corbin, 142 N. Y., 334-341; Loud v. Pomona Water Co., 153 U. S., 564-579; Pollack v. Brush Elec. Co., 128 U. S., 446; Norris v. Harris, 15 Cal., 226-236; McGrath v. Cannon, 55 Minn., 457; Young v. Wakefield, 121 Mass., 91; McDaniels v. Whitney, 38 Iowa, 60; Hutchens v. Sutherland, 22 Nev., 363; Tenny v. Mulvaney, 8 Ore., 129; Burwell Elec. Co. v. Wilson, 57 Neb., 396.

When a contract is severable, a judgment recovered for the breach of one separate and independent covenant does not bar a subsequent suit for a breach of a different covenant. Cromwell v. Sac Co., 94 U. S., 351; McLaughlin v. Hill, 6 Vt., 20; Dugan v. Anderson, 36 Md., 567;

Dibol v. Minot, 9 Iowa, 403; Crain v. Beach, 2 Barb., 120; Crain v. Beach, 2 Comst., 86; Rice v. King, 7 Johns., 20.

It is the well-settled law that, when a contract contains several stipulations to be performed at different times, a cause of action may arise on the breach of any one of such stipulations, and an action may be maintained at once upon such breach without prejudice to future actions upon subsequent breaches, and when a judgment in one action is offered in evidence in a subsequent action between the same parties, upon a different demand, it operates as an estopppel only upon the matters actually at issue and determined in the original action, and in order to determine what was litigated the court will look to the entire record, including the findings of fact and conclusions of law. Pishaway v. Runnels, 71 Texas, 352; Le Grande v. Rixey, 83 Va., 862, and New Orleans, M. & C. Ry. v. New Orleans, 14 Fed. Rep., 373.

When a party has a number of distinct rights of a similar nature, evidenced by the same written instrument, upon the breach of one or more of these he is not compelled to rescind all of these contracts. He may, if he sees fit, sue for the several breaches as they occur, and suit for one or more of them is not an election not to assert further rights under the instrument on account of subsequent breaches of its separate provisions. Such a suit is not an election of inconsistent remedies for the violation of a single right, but is the assertion of right of action for wrongs already inflicted, which are entirely distinct from causes of action which may arise from similar violations of distinct rights evidenced by the same written instrument. Warner v. Bacon, 74 Mass. (8 Gray), 405; Alkire Grocery Co. v. Tagart, 60 Mo. App., 389; Menges v. Milton Piano Co., 96 Mo. App., 611; Martin v. Abbott, 95 N. W. (Neb.), 356; Harper, etc., Co. v. Mountain Water Co., 56 Atl. Rep., 297; Aetna Life Ins. Co. v. Board of Comrs., 117 Fed. Rep., 82.

*James H. Robertson, J. M. Patterson, D. W. Doom* and *D. H. Doom,* for Gammel-Statesman Publishing Company.—A recovery can not be had upon a quantum meruit or an implied general assumpsit for services rendered under an express contract, unless the express contract has been fully performed on the part of the plaintiff, or has been rescinded and put an end to before full performance on the part of the plaintiff, either by mutual consent of the parties to it or by some wrong act or breach of the contract on the part of one or both of the parties to it; but if the contract is fully performed on the part of the plaintiff, and nothing remains but the payment of money by the defendant, which he has failed to pay when due, or if the contract has been rescinded and put an end to, either by the mutual consent of the parties to it or by reason or some wrong act or breach of it by one or both of the parties to it, then in either of these instances the plaintiff may recover upon a quantum meruit or implied general assumpsit for either whole or part performance, as the case may be. O'Conner v. Van Homme, Dal., 429; Devoe v. Stewart, 32 Texas, 712; Hearne v. Garrett, 49 Texas, 619; Shiner v. Abbey, 77 Texas, 1, 13 S. W. Rep., 613; Krohn v. Heyn, 77 Texas, 319, 14 S. W. Rep., 130; City of Sherman v. Connor, 88 Texas, 35, 29 S. W. Rep., 1053; Hawkins v. United States, 96 U. S. (6 Otto), 689; Perkins v. Hart, 11 Wheat., 237; 2 Greenleaf on Evidence, sec.

104; Anson on Contracts (2d Am. ed.), pp. 363-367, 375; 4 Encyclopedia Plead. and Prac., pp. 922-926; 9 Cyclopedia of Law and Proc., pp. 685-689; Denmead v. Coburn, 15 Md., 29; Marcotte v. Beaupre, 15 Minn., 152; Mead v. Degolyer, 16 Wend., 632; Morford v. Ambrose, 26 Ky. (3 J. J. Marsh.), 688; McDaniel v. Webster, 2 Houst. (Del.), 305; McGonigle v. Klein, 6 Colo. App., 306; Boyle v. Clark, 63 Mo. App., 473; Given v. Charron, 15 Md., 502; Bull v. Schuberth, 2 Md., 38; Rodemer v. Hazlehurst, 9 Gill. (Md.), 288; Brown v. Bark Laura Snow, 14 La. Ann., 848; Hoagland v. Moore, 2 Blackford (Ind.), 167; Webster v. Enfield, 10 Ill. (5 Gilman), 298; Butts v. Huntley, 2 Ill. (1 Scammon), 410; Phelps v. Hubbard, 59 Ill., 79; Dubois v. Delaware and Hudson Canal Co., 4 Wend., 285; Hoar v. Benson, 15 Johns. 224; Jennings v. Camp., 13 Johns. 94; Raymond v. Bernard, 12 Johns., 274; Linningdale v. Livingston, 10 Johns., 36; Cranmer v. Graham, 1 Blackford (Ind.), 406; Hill v. Green, 21 Mass. (4 Pick.), 114; Clark v. Smith, 14 Johns., 324 (*326); Moore v. Gaus, 113 Mo., 98, 20 S. W. Rep., 975; Simmons v. Lawrence Duck Co., 133 Mass., 298; Holden Steam Mill Co. v. Westervelt, 67 Me., 446; Catholic Bishop v. Bauer, 62 Ill., 188; County of Jackson v. Hall, 53 Ill., 440; Owings v. Low, 7 Harris & Johnson (Md.), 124; Siebert v. Leonard, 17 Minn., 433 (Gil., 410); Galloway v. Holmes, 1 Douglass (Mich.), 330; New Orleans, J. & G. N. Ry. Co. v. Pressley, 45 Miss., 66; Stollings v. Sappington, 8 Mo., 118; Christy v. Price, 7 Mo. 430; Johnson v. Strader, 3 Mo., 359 (Republication, p. 254); Hunt v. Sackett, 31 Mich., 18; Vorhees v. Woodhull, 33 N. J. Law, 494; Abbott v. Inskip, 29 Ohio St., 59; Adams v. Burbank, 103 Cal., 646; Cody v. Raynaud, 1 Colo., 272; Poland v. Thomaston Brick Co., 60 Atl. Rep., 795; Camp v. Baker, 21 Vt., 469; Jonas v. King, 81 Ala., 285; Lawson v. Hogan, 93 N. Y., 39; Shulte v. Hennessy, 40 Iowa, 352; Guerdon v. Corbett, 87 Ill., 272; Moulton v. Trask, 50 Mass. (9 Metc.), 577; Mitchell v. Scott, 41 Mich., 108; Eyerman v. Mt. Sinai Cem. Assn., 61 Mo., 489; Carroll v. Giddings, 58 N. H., 333; Canada v. Canada, 60 Mass. (6 Cush.), 15.

When a contract is breached in a material part by one of the parties to it before it is fully performed by the other party, the law gives to the latter (the injured party) two inconsistent remedies, viz.: (1) He may sue for damages for breach of the contract, or (2) he may treat the breach as a ground for rescission of the contract, consider the contract rescinded and at an end, and sue upon an implied contract on a quantum meruit for the value of the part performance rendered by him under the contract. But he can not enforce both of these inconsistent remedies, and must elect one of them. His election to enforce one of them, evinced by bringing suit and prosecution to final judgment, is a waiver of the other remedy, and an absolute bar at law to its subsequent adoption and enforcement, regardless of the success obtained and compensation received by him under the remedy first elected. Hearne v. Garrett, 49 Texas, 619, 624; Mudgett v. Texas Tobacco Growing Co., 61 S. W. Rep., 149; Newhall Eng. Co. v. Daly, 116 Wis., 256; Adams v. Burbank, 103 Cal., 646, 649, 37 Pac. Rep., 640; Hemminger v. Western Assurance Co., 95 Mich., 355, 54 N. W. Rep., 945; Watts v. Todd (S. C.), 1 McMullen, 26; 2 Black on Judgments, p. 904, sec. 752; Richard-

son v. Eagle Machine Works, 78 Ind., 422; Howard v. Daly, 61 N. Y., 370; Keedy v. Long, 71 Md., 385, 18 Atl. Rep., 704; Ornstein v. Yahr & Lange Drug Co., 96 N. W. Rep., 326; Lake Shore & M. S. R. R. Co. v. Richards, 152 Ill., 59; 38 N. E. Rep., 773; Drew v. Claggett, 39 N. H., 431; Ehrlich v. Aetna Life Ins. Co., 88 Mo., 249; Ream v. Watkins, 27 Mo., 516; Zimmerman v. Jourgensen, 70 Hun, 226; Cole v. Smith, 26 Colo., 506, 58 Pac. Rep., 1086.

The law allows but one compensation or redress for an injury, and the remedy adopted and pursued to final judgment and satisfaction by the appellants in their suit against the Gammel Book Company gave them full compensation and redress in law for a total breach of the contract of October 31, 1901; and they are not entitled in law to maintain a second action for additional compensation and redress.

Appellants, by the mere act of bringing the first suit on September 24, 1902, against the Gammel Book Company, to recover upon an implied promise or quantum meruit for part performance of the contract on their part in the manufacture and delivery of volumes 42, Criminal Appeals, and 25, Civil Appeals Reports, elected to rescind, and did rescind, the contract of October 31, 1901. Tinsley v. Penniman, 83 Texas, 54, 18 S. W. Rep., 718; Cavin v. Hill, 83 Texas, 73, 18 S. W. Rep., 323; Greenwall Theatrical Circuit Co. v. Markowitz, 97 Texas, 479; Bauman v. Jaffray, 6 Texas Civ. App., 489; Lawrence v. Taylor, 5 Hill, 107, 114; Moore v. Rogers, 19 Ill., 347; Moody v. Leverich, 4 Daly (N. Y.), 401; Theusen v. Bryan, 85 N. W. Rep., 802, 804; Cole v. Smith, 26 Colo., 506, 510, 58 Pac. Rep., 1086; Missouri Pac. Ry. Co. v. Henrie, 65 Pac. Rep., 665; Nield v. Burton, 49 Mich., 53; Carroll v. Fethers, 102 Wis., 436, 78 N. W., 604: Herrington v. Hubbard, 2 Ill. (1 Scammon), 569; Smeesters v. Schroeders, 101 N. W. Rep., 363; Hildebrand v. Tarbell, 97 Wis., 446, 456, 73 N. W., 53; Connihan v. Thompson, 111 Mass., 270; Sanger v. Wood, 3 Johns. Ch., 416; Morris v. Rexford, 18 N. Y., 552.

The institution of the first suit by appellants, on the 24th of September, 1902, against the Gammel Book Company, its prosecution to final judgment, and the judgment rendered therein by the trial court and the Appellate Courts, are plenary and conclusive evidence that appellants did make their election of remedies and rescind the contract of October 31, 1901, and they are concluded and estopped by the proceedings and judgment in the first suit from denying and saying that they did not rescind the contract of October 31, 1901, and recover upon an implied promise or quantum meruit for what they had done under the express contract; and they are estopped from saying that said contract existed after September 24, 1902, and from saying that they did not make an election of remedies and parties in the first suit against the Gammel Book Company.   Wooley v. Sullivan, 92 Texas, 28; Lee v. Kingsbury, 13 Texas, 68; Sonnentheil v. Texas Guar. Co., 23 Texas Civ. App., 438, 56 S. W. Rep., 143; Chilson v. Reeves, 29 Texas, 276; Sonnentheil v. Moody, 56 S. W. Rep., 1001; Gulf, C. & S. F. Ry. Co. v. North Texas Grain Co., 74 S. W. Rep., 567; Robb v. Vos, 155 U. S., 40; Greenleaf on Ev., vol. 1, sec. 534; Encyclopedia Plead. & Prac., vol. 7, pp. 361-363; Rounsaville v. North Carolina Ins. Co., 50 S. E. Rep., 619, 621; Pilcher v. Ligon, 91 Ky., 228, 15 S. W. Rep., 513; Cobb v. Hall, 33 Vt.,

233; Theusen v. Bryan, 85 N. W. Rep., 802; Firemen's Ins. Co. v. Cochran, 27 Ala., 228; Rawson v. Turner, 4 Johns., 469; Bank v. Commissioners, 61 Kan., 785, 60 Pac. Rep., 1062; Munger v. Terry, 121 N. Y., 161, 164, 24 N. E. Rep., 172; Holloway v. Graham, 44 Ill., 385; Ware v. Percival, 61 Me., 391; Emery v. Fowler, 39 Me., 320; Bacon v. Moody, 117 Ga., 207, 43 S. E., 482; Toppe v. Prigge, 7 Daly, 208; Kingsley v. Davis, 104 Mass., 178; Bannister v. Read, 6 Ill. (1 Gilman), 92; Morris v. Rexford, 18 N. Y., 552; Sanger v. Wood, 3 Johns. Ch., 416.

When a party has an election between inconsistent remedies, and adopts one of them, he must go for full compensation by alleging and proving sufficient facts to enable him to recover the same. He can not pursue one inconsistent remedy for part compensation and another remedy for the residue not included in his first action. Chevalier v. Rusk, Dall., 611; Binge v. Smith, Dall., 616; Pitts v. Ennis, 1 Texas, 604, 605; Thomas v. Hall, 3 Texas, 270, 272; Howard v. North, 5 Texas, 290, 317; Clegg v. Varnell, 18 Texas, 294, 306; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 11; St. Louis S. W. Ry. Co. v. Moss, 9 Texas Civ. App., 6, 28 S. W. Rep., 1038; Breeze v. Haley, 11 Colo., 351, 18 Pac. Rep., 551; Ware v. Percival, 61 Me., 391; Thompson v. Myrick, 24 Minn., 4.

The breaches of the contract of October 31, 1901, by the Gammel Book Company, prior to the institution of the first suit by appellants on September 24, 1902, not only entitled them to rescind the whole contract and recover for a total breach of the whole contract, either upon a quantum meruit for the value of the work that they had done under the contract or damages for the total breach of it; but the breaches were of such a nature as to require them to include in that suit all claims they had against the Gammel Book Company for a total breach of the contract, and the bringing and prosecuting the first suit to final judgment and satisfaction was a waiver of all damages not included in it, and is an absolute bar to the present suit. Greenwall Theatrical Circuit Co. v. Markowitz, 97 Texas, 479; Green v. Ward, 88 Texas, 177; Allen v. Reed, 66 Texas, 313; Litchenstein v. Brooks, 75 Texas, 196; Massie v. State Nat. Bank, 11 Texas Civ. App., 280; Bank v. Thomas, 69 Texas, 237, 238; Parlin & Orendorff Co. v. Harrell, 8 Texas Civ. App., 368; Cameron v. Hinton, 92 Texas, 492; Avery v. Texas Loan Agency, 62 S. W. Rep., 793; Ream v. Watkins, 27 Mo., 516; Ehrlich v. Aetna Ins. Co., 88 Mo., 249; Cann v. Rector, Wardens, etc., 85 S. W. Rep., 994, 998; Walsh v. New York & Kentucky Co., 85 N. Y. Supp., 83, 88; Ennis v. Buckeye Pub. Co., 44 Minn., 105, 46 N. W., 314; Moline Plow Co. v. Rodgers, 53 Kan., 743, 37 Pac., 111; Boyce v. Martin, 46 Mich., 239; Keedy v. Long, 71 Md., 385, 18 Atl. Rep., 704; Keedy v. Crane, 71 Md., 395, 18 Atl. Rep., 707; Booge v. Pacific Ry., 33 Mo., 212; Rosenmueller v. Lampe, 89 Ill., 212; Breeze v. Haley, 11 Colo., 351, 18 Pac. Rep., 551; Horton v. New York Cent. Ry. Co., 63 Fed. Rep., 897; Whitaker v. Hawley, 30 Kan., 317; 1 Pac. Rep., 508; Hughes v. Dundee Mortgage Co., 26 Fed. Rep., 831; Pilcher v. Ligon, 91 Ky., 228; Davis v. Brown, 32 S. W. Rep., 614; 20 Am. & Eng. Ency., pp. 36-40; Richardson v. Eagle Machine Works, 78 Ind., 422; Howard v. Daly, 61 N. Y., 370; Ornstein v. Yahr Drug Co., 96 N. W., 826; Moor v. Moor,

31 Texas Civ. App., 137; Young v. Dalton, 83 Texas, 497; Graves v. White, 87 N. Y., 463-465; Thurber v. Ryan, 12 Kan., 453; Keller v. Clifford, 165 Ill., 544; Derby v. Johnson, 21 Vt., 17, 21; White v. White, 68 Vt., 161; Porter v. Arrow Head Res. Co., 100 Cal., 500; Kaehler v. Dobberpuhl, 61 Wis., 256, 261; Miller v. Sullivan, 14 Texas Civ. App., 112; Thompson v. Howard, 31 Mich., 309; Farwell v. Myers, 59 Mich., 179; Terry v. Munger, 121 N. Y., 161, 164; Terry v. Munger, 2 N. Y. Supp., 348; Carrol v. Feathers, 102 Wis., 436; Warren v. Landry, 74 Wis., 144; Clausen v. Head, 110 Wis., 405; Missouri Pac. Ry. Co. v. Henrie, 65 Pac. Rep., 665; Kinney v. Kierman, 49 N. Y., 164; Bacon v. Moody, 117 Ga., 207; Goodrich v. Yale, 97 Mass., 15; Ware v. Percival, 61 Me., 391; Porter v. Mack, 50 W. Va., 581; O'Neal v. Brown, 21 Ala., 482, 484; Rawson v. Turner, 4 Johns. Rep., 469; Firemen's Ins. Co. v. Cochran, 27 Ala., 228; Clark v. Smith, 14 Johns., 326; Mitchell v. Scott, 41 Mich., 108; McCollough v. Baker, 47 Mo., 401; Moulton v. Trask, 50 Mass. (9 Metc.), 507, 580; Fitzgerald v. Allen, 128 Mass., 232, 234; Cook v. Gray, 133 Mass., 106; Dawson v. Baum, 3 Wash., 464; Marborough v. Sisson, 31 Conn., 332; Caldwell v. Myers, 2 S. Dak., 506; Clark v. Mayor, 4 N. Y., 338-343; Poland v. Thomaston Brick Co., 60 Atl., 795; Mullaly v. Austin, 97 Mass., 30; Newhall Eng. Co. v. Daly, 116 Wis., 256.

When a contract is unilateral, neither of the parties to it are liable in damages for a breach of it in refusing to perform the executory part of it, and such contract may be repudiated by either party as to the executory and unperformed part of it without making himself liable in damages to the other party. El Paso Gas, etc., Co. v. City of El Paso, 22 Texas Civ. App., 309, 54 S. W. Rep., 798; Woolsey v. Ryan, 59 Kan., 601, 54 Pac. Rep., 664; Hoffman v. Maffioli, 104 Wis., 630, 80 N. W. Rep., 1032; Campbell v. Lambert, 36 La. Ann., 35; Drake v. Vorse, 52 Iowa, 417, 3 N. W. Rep., 465; American Cotton Oil Co. v. Kirk, 68 Fed. Rep., 791; Missouri, K. & T. Ry. Co. v. Bagley, 60 Kan., 424, 56 Pac. Rep., 759; Tarbox v. Gotzian, 20 Minn., 129; Bailey v. Austrian, 19 Minn., 535; Cold Blast Trans. Co. v. Kansas City Bolt Co., 114 Fed. Rep., 77; Steinwender-Stofferegen Coffee Co. v. Guenther Grocery Co., 80 S. W. Rep., 1170; Harrison v. Wilson Lumber Co., 119 Ga., 6, 45 S. E. Rep., 730.

Where a breach of a contract is such as authorizes the plaintiff to treat the contract at an end, he must then include in one suit all damages for a total breach of it, whether the damages are certain or not, and in such case he is entitled to recover his probable profits. King v. Griffin, 87 S. W. Rep., 844; Brincefield v. Allen, 60 S. W. Rep., 1010; Cooke v. England, 27 Md., 14; Massie v. State National Bank, 11 Texas Civ. App., 280; Romelee v. Hall, 31 Vt., 582; Shumaker v. Heinemann, 99 Wis., 251, 74 N. W. Rep., 785; Goldsmith v. Dyer, 7 Colo. App., 29, 42 Pac. Rep., 177; Crittenden v. Johnston, 40 N. Y. Supp., 87; Blagn v. Thompson, 23 Ore., 239; 31 Pac. Rep., 647; Spiers v. Union Drop-Forge Co., 180 Mass., 87; Cutter v. Gillette, 163 Mass., 95; Page v. Barrett, 151 Mass., 67; Parker v. Russell, 133 Mass., 74.

BROWN, ASSOCIATE JUSTICE.—On July 11, 1904, Ben C. Jones & Co. instituted this suit in the District Court of the Twenty-sixth Dis-

trict, in Travis County, against the Gammel Book Company, the Gammel-Statesman Publishing Co., H. P. N. Gammel, C. F. Gydeson and A. S. Vandervoort. The purpose of the suit is stated by the plaintiffs in error in their brief in the following terms:

"The appellants sued in this case for the profits which they would have earned on the printing, etc., of nine volumes of current reports, the manuscript for which was ready for printing and delivered to the appellees between May 1, 1902, and November 2, 1903, and for the profits on eight volumes of old reports which they claim should have been selected and designated by appellees for printing during the two years covered by the instrument above set out, for damages to their business and for exemplary damages."

The Court of Civil Appeals omitted to make a statement of the facts found by that Honorable Court, hence we must look to the record for the evidence upon which to base our decision. The following facts are undisputed except where otherwise stated herein. In the year 1900 Ben C. Jones & Co. made a contract with the State of Texas by which they agreed to publish for the State the current reports of the Supreme Court, the Court of Criminal Appeals and the several Courts of Civil Appeals for two years, which contract was in force when the contract herein sued upon was entered into.

In 1901 the Legislature of the State of Texas passed a joint resolution by which the Printing Board of the State was empowered, with the approval of the Governor of the State, to enter into a contract by which certain books, electrotype plates, etc., owned by the State would be exchanged for other books therein named, and also to make a contract for the republication of the Texas Supreme Court Reports, which had before been printed; that is, up to and including volume 73, and also the current reports thereafter to be published of the decisions of the Supreme Court, Court of Criminal Appeals and the several Courts of Civil Appeals. H. P. N. Gammel was active in securing the passage of this resolution, and was acting for the benefit of the Gammel Book Co., which owned the books that the State was seeking to acquire. After the resolution was passed the Gammel Book Co. negotiated with the Printing Board for the contract authorized to be made. The Board, as he states, did not wish to contract with a corporation, and he made the contract in his own name for the benefit of the Gammel Book Co. The Printing Board and the Governor refused to enter into the contract with Gammel unless he would in some way satisfy Ben C. Jones & Co. with reference to the contract which they then had with the State. There was evidence to establish the fact that Gammel entered into an agreement with Ben C. Jones & Co. that, if they would surrender their contract, and go upon his bond, that they should do the work under the new contract the same as under the contract that they had with the State, and under this agreement the existing contract was surrendered and the parties entered into the following agreement:

"The State of Texas    ⎱
  County of Travis.    ⎰
"Know all Men by these Presents:
"That this contract and agreement, made and entered into this 31st

day of October, A. D. 1901, by and between the Gammel Book Company, a body politic and corporate, duly incorporated under the laws of the State of Texas, parties of the first part, and Ben C. Jones & Co., a firm composed of Ben C. Jones, V. A. Fenner and Robert H. Cousins, parties of the second part, and all of the City of Austin, Travis County, Texas, witnesseth:

"That the parties of the second part agree and hereby bind themselves to print, bind and deliver unto the parties of the first part all the current volumes of reports, being the decisions of the Supreme Court, Court of Criminal Appeals and the Court of Civil Appeals of the State of Texas, and known respectively as the Texas Supreme Court Reports, Texas Criminal Appeals Reports and the Texas Civil Appeals Reports. And the parties of the second part further agree and bind themselves to wrap each volume of the aforesaid reports in one cover of heavy wrapping paper, the same to be sealed, and with printed end labels showing what volume it contains.

"That the parties of the second part also agree and hereby bind themselves to make electrotype plates of each page of the aforesaid reports; and the said books shall be printed, bound and finished as per the specifications contained in the existing contract between the State of Texas and the said parties of the second part, and subject to the approval of the Expert Printer of the State of Texas or the Printing Board of the State of Texas.

"That the standard size of each volume of said reports shall be as required by the statute, consisting of 768 pages per volume; and in the event any of said reports shall exceed in size the standard volume, the price as hereinafter provided for shall be increased pro rata per each volume; and, if any of said reports shall contain less pages than the standard, then the same pro rata shall be allowed. By pro rata is meant the price per page of each standard volume of 768 pages.

"That, in consideration of the delivery of one thousand (1,000) finished and approved copies of each of the aforesaid reports to the parties of the first part, and the further delivery of all the electrotype plates necessary for each volume to the Secretary of State at the capitol building of the State of Texas, carefully wrapped and packed in a substantial box, plainly marked with number of plates and the report said plates are for, the parties of the first part agree and hereby bind themselves to pay to the parties of the second part, in cash, for each one thousand (1,000) copies of each report, and the necessary electrotype plates therefor, delivered as aforesaid, the sum of two thousand and fifty-four dollars and fifty cents ($2,054.50), and the further sum of ninety-seven and one-half cents (97½) for each additional copy in excess of the one thousand original copies, provided such excess is printed at the time with original order. And in the event said parties of the first part should desire copies of any report to be printed from the electrotype plates owned by the State, the parties of the second part agree and hereby bind themselves to furnish and deliver the said copies to the parties of the first part, as follows, towit:

"For 100 copies and over, $1.67 per copy.
"For 150 copies and over, $1.40 per copy.
"For 250 copies and over, $1.19 per copy.

"For 500 copies and over, $1.05 per copy.

"For 1000 copies and over, $0.97½ per copy.

Provided, said electrotype plates are delivered to the parties of the second part. And the parties of the second part further agree to print, bind, finish, and make electrotype plates of any back numbers of the Texas Reports as the parties of the first part may direct, upon the same basis as the current volumes, when the conditions are the same; the parties of the first part hereby agreeing to furnish a copy for each of the same. Such work, however, may be limited by the parties of the second part so as not to exceed four volumes per year.

"That the parties of the second part agree and hereby bind themselves to deliver to the parties of the first part any one report, consisting of one thousand copies and necessary electrotype plates therefor, within ninety (90) days after the original copy has been received by the parties of the second part, but with an extension of time for such delay as is allowed the parties of the first part in its contract with the State. And the parties of the second part further agree and bind themselves to push, finish and deliver the work as per contract between Gammel and the State of Texas, and also bind themselves to pay any and all costs or damages that said Gammel Book Co. may be liable for to the State of Texas on account of delay in printing, binding, electrotyping or delivering said volumes, provided said delay is caused or occurs after the original copy is in the hands of the said parties of the second part.

"That the final proof of each of said reports shall be approved by the official court reporter of the State of Texas.

"That this contract shall remain in force and be binding for a term of two (2) years from date hereof.

"Witness the hand of the Gammel Book Co., by its president, Joseph Nalle, and likewise the hand of Ben C. Jones & Co., in duplicate, this 31st day of October, A. D. 1901, at Austin, Travis County, Texas.

"The Gammel Book Co.,

"By its president, Joseph Nalle.

"Ben C. Jones & Co.,

"By Fenner."

The evidence showed the following facts:

"On the trial appellants read in evidence the contract above set out, and proved that manuscripts for current reports mentioned in their petition were delivered by the state expert printer to the Gammel Book Co., or the Gammel-Statesman Publishing Co., as its assignee, as follows: Manuscript for 95 Supreme Court Reports was delivered December 31, 1902; for 96 Supreme Court Reports, November 1, 1903; for Twenty-sixth Civil Appeals Reports, May 5, 1902; for Twenty-seventh Civil Appeals Reports, November 15, 1902; for Twenty-eighth Civil Appeals Reports, January 15, 1903; for Twenty-ninth Civil Appeals Reports, January 19, 1903; for Thirtieth Civil Appeals Reports, September 25, 1903; for Thirty-first Civil Appeals Reports, November 11, 1903; for Forty-third Criminal Appeals Reports, December 22, 1902; all of which were printed, etc., by the Gammel-Statesman Publishing Co.; and that none of same were tendered to the appellees for printing, etc. Then they showed, by competent evidence, the difference between the cost of

manufacturing each of said volumes of reports, and the contract price on said volume. (Tr. 241-245, 249-257.) They made the same character of proof as to volumes of the old reports (Tr. 241-245, 249-257), and that the Gammel Book Co. had not selected or designated for printing, etc., any of said reports. The proof further showed that the appellants, on September 24, 1902, sued the Gammel Book Co. in the District Court, on the written instrument upon which this suit is based, for the amount due them under said instrument for work done in completing volumes 41 and 42 of the Criminal Appeals Reports and volume 91 of the Texas Reports, and for printing, etc., of a part of volume 25, Civil Appeals Reports. This suit was continued from term to term until the 4th day of May, 1903, when its trial was commenced before the judge without a jury. The decision was announced, and judgment rendered therein in behalf of appellants, on June 18, 1903."

The evidence established the profits that would have accrued to Ben C. Jones & Co. upon each volume, if they had been permitted to publish them under the terms of the contract.

The defendants pleaded the above judgment as a bar to this suit. The trial court submitted the issues in favor of the plaintiffs, with the restriction that no recovery could be had for any breach which occurred prior to the rendition of judgment in the former suit if plaintiffs knew of such breach at the date of that judgment. A verdict was rendered in favor of Ben C. Jones & Co. for the profits on volume 30 of the Court of Civil Appeals Reports, that being the only volume for which the manuscript was received by the defendants after the trial of the former suit and before November 1, 1903. Ben C. Jones & Co. appealed, and the defendants below filed cross-assignments of error. The Court of Civil Appeals affirmed the judgment of the District Court. Both parties applied for writs of error, which were granted.

The trial court and the Court of Civil Appeals correctly held the instrument sued upon to be an entire contract with provisions for its performance by instalments at different times, but erred in holding that the judgment rendered in the former suit barred a recovery upon causes of action which accrued under the contract subsequent to the institution of the first suit and prior to the judgment rendered therein. Those courts held, in effect, that it was the duty of the plaintiffs in the former suit to file an amendment to their petition, by which they would have introduced all causes of action arising subsequent to the date of its filing.

This was a continuing contract, and a failure of the Gammel Book Co., and others connected with it, to perform any one of the things contracted for by the terms of the contract, was a partial breach thereof, and constituted a separate and independent cause of action, for each of which an action might have been instituted. (24 Am. & Eng. Ency. Law, p. 790 (bb), p. 791 (dd) ; Cromwell v. County of Sac, 94 U. S., 351; Howe v. Harding, 84 Texas, 74; Menges v. Milton Piano Co., 70 S. W. Rep., 250; Davis v. Brown, 36 S. W. Rep., 540.) If the entire contract had been broken by the one act but one action could have been maintained therefor.

It is true that, under our system of practice, the plaintiffs might have amended their petition, and have introduced into that suit all causes of

action which had accrued under that contract, but there is no rule of practice that required that they should do so. If independent suits be filed on separate and distinct causes of action of a similar nature under our practice, the defendant may secure the consolidation of such causes by a motion to the court showing the propriety of so doing. In some states it has been held that a party must include in one suit all of the causes of action which have arisen under a single contract prior to the institution of the suit, if no suit be then pending for causes of action which had previously accrued. (24 Am. & Eng. Ency. Law, p. 791; Lorillard v. Clyde, 122 N. Y., 41.) But we have found no authority which sustains the proposition that causes of action subsequently accruing must be introduced by amendment except Claflin v. Mather Electric Co., 87 Fed. Rep., 795, in which the litigation arose under the laws of Connecticut, and the court held that the causes of action accruing upon the contract subsequent to the institution of the suit, not having been introduced into the case, were barred by the judgment, basing the decision upon a statute of the State of Connecticut, saying: "At the time of the trial of the former action proof could have been made under an amendment of the complaint of all the damages claimed by reason of said breach. Under the provision of section 1050, General Statutes Connecticut, damages accruing upon the same cause of action subsequent to the bringing of the suit may be recovered therein." We have not before us the statute referred to, but it is evident that the decision of the learned judge was based upon that statute, else it would not have been given as a support to his conclusion.

The reason given by the authorities for holding that a judgment upon a part of a cause of action will bar a recovery as to the remainder is, that a party must prosecute his suit for the entire cause of action that he sets up, and will not be permitted to split it and present it in piecemeal. The reason upon which the rule rests shows that it can not apply to a case like this, for to split a cause of action means to divide the parts of the one thing, and can not embrace the failure to unite distinct causes of action. The trial court erred in the charges by which it limited the right of recovery on the part of plaintiffs to the causes of action accruing subsequent to the former judgment.

By their second crossassignment of error the defendants below present to this court the proposition that the contract sued upon contains no promise of either of the defendants to do any act for Ben C. Jones & Co., therefore there could be no breach where there was no promise. If this were a correct construction of the instrument, it would necessarily defeat this action, but the law implies a contract on part of the Gammel Book Co., for whom the contract was made, to furnish the manuscript of the reports which that company had contracted with the State to publish and deliver to it, and which publication and delivery it secured to be done by the contract with Ben C. Jones & Co. Ben C. Jones & Co. agreed, within ninety days from the time when the material of each volume of the reports was delivered to them, that they would publish and deliver to the State, etc. How could Ben C. Jones & Co. publish the reports and deliver them, in performance of Gammel's contract with the State, unless the manuscript prepared for such reports should be delivered to them? Their obligation was predicated upon the

delivery to them of the manuscript prepared for the reports, and who but Gammel, or the Gammel Book Co., could furnish that material when they had a contract with the State to furnish it to them? It is clear, we think, from these provisions of this contract, that there was an implied promise on part of H. P. N. Gammel, for the Gammel Book Co., to furnish the manuscript to Ben C. Jones & Co., and that the failure to perform that implied agreement constituted a cause of action just the same as if the agreement had been written into the face of the contract itself. (Stilwell v. Ocean Steamship Co., 39 N. Y. Supp., 131; Bangor Furnace Co. v. Magill, 108 Ill., 656; McCartney v. Glassford, 1 Wash., 579; Minnesota Mill Co. v. Goodnow, 40 Minn., 497.)

We do not think it necessary or profitable, in this case, to discuss the several assignments by Ben C. Jones & Co., or the crossassignments by the Gammel Book Co. and others. For the error committed by the court in the submission of the cause to the jury, as above indicated, the judgment will be reversed and the cause remanded.