**BEN C. JONES & CO. v. GAMMEL–STATESMAN PUB. CO. et al.**

(Court of Civil Appeals of Texas. Austin. Jan. 8, 1913. On Motion for Rehearing, Feb. 19, 1913. Further Rehearing Denied April 9, 1913.)

1. APPEAL AND ERROR (§ 1185*)—WRIT OF ERROR CORAM NOBIS.

Under Acts 22d Leg. (1st Called Sess.) c. 15, giving the Courts of Civil Appeals power by affidavit to determine matters of fact necessary to the proper exercise of their jurisdiction, a motion to vacate a judgment serves the function of the common-law writ of coram nobis, and may be filed when a judgment rendered in the appellate court is void by reason of some fact not disclosed by the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4636–4641; Dec. Dig. § 1185.*]

2. JUDGMENT (§ 378*)—NOTICE.

A party to a judgment is charged by law with notice thereof, and hence the existence of a former judgment between the parties cannot be said to be a newly discovered fact warranting the vacation of the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 715, 716; Dec. Dig. § 378.*]

3. APPEAL AND ERROR (§ 1185*) — MOTIONS TO VACATE—SCOPE.

Upon a motion to vacate a judgment of the appellate court, errors of law cannot be considered, but the motion must be bottomed on some fact rendering it void which does not appear on the face of the record, consequently a motion based on the disregarding of a former adjudication between the parties will be denied for the matters complained of would at most merely render the judgment erroneous in point of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4636–4641; Dec. Dig. § 1185.*]

On Opinion Granting Motion for Rehearing.

4. APPEAL AND ERROR (§ 833*)—REHEARING—DETERMINATION.

Where it appears on motion for rehearing that a judgment is against the merits, all doubts will be resolved in favor of a rehearing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3214, 3229–3240, 3244–3246; Dec. Dig. § 833.*]

5. APPEAL AND ERROR (§ 1171*)—REVERSAL—FAILURE TO RECOVER NOMINAL DAMAGES.

Where the record shows a breach of a valid contract entitling plaintiffs to a judgment for at least nominal damages and for such actual damages as they may have sustained, a judgment for defendant will be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4546–4554; Dec. Dig. § 1171;* Damages, Cent. Dig. § 16.]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

On motion for rehearing and for additional findings. Former opinion reversed and cause remanded.

For former opinion, see 141 S. W. 1048.

N. A. Rector and T. H. McGregor, both of Austin, for appellant. Gregory & Batts, J. M. Patterson, and Jas. H. Robertson, all of Austin, for appellee.

On Motion for Rehearing of Motion to Vacate Judgment and File Findings of Fact and Conclusions of Law.

JENKINS, J. On May 24, 1911, this court affirmed the judgment of the trial court herein. On June 6, 1911, appellants filed their motion for a rehearing, which motion was overruled by this court on December 6, 1911. On January 4, 1912, appellants filed in the Supreme Court their petition for writ of error, which was refused by said court on May 28, 1912. On the same day, May 28, 1912, appellants filed in this court a motion to vacate its judgment, which was rendered, as above stated, on May 24, 1911, which motion to vacate judgment was overruled on October 9, 1912. On October 23, 1912, appellants filed a motion for a rehearing on their motion to "vacate judgment," and requested this court to file its findings of fact and conclusions of law on said motion to vacate judgment. It perhaps would have been the proper practice for us to have dismissed the motion to vacate the judgment, instead of overruling the same, for the reason that that motion was, in effect, a second motion for a rehearing filed without leave of this court, and at a term subsequent to the term at which said judgment

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

was rendered; but, as the first motion for rehearing was not passed upon until the next term of this court, we did not dismiss said motion to vacate, but considered the same and overruled it.

[1-3] Our reason for saying that the motion to vacate is in substance a motion for a rehearing is that it does not contain the requisite grounds of a motion to vacate a judgment. A motion to vacate a judgment takes the place of the common-law writ of coram nobis, and may be filed when a judgment has been rendered in an appellate court, which is void by reason of some fact not disclosed by the record, as where a judgment is against a married woman, who appears upon the record as a feme sole, in a matter in which she was not legally liable by reason of her coverture, or that the party against whom the judgment was rendered was dead at the time of such rendition. Cruger v. McCracken, 87 Tex. 587, 30 S. W. 537; Hart v. Mills, 31 Tex. 313. For this purpose Courts of Appeal have power, by affidavit or otherwise, to determine such matters. Laws 1892, p. 7. But neither the so-called motion to vacate the judgment nor the motion for rehearing on said motion suggests any issue of fact dehors the record, and no affidavit as to any such alleged fact is filed with said motion. It is true the motion for rehearing is verified by the affidavit of one of the appellants, as follows: "Before me, the undersigned authority, appeared R. H. Cousins, who being by me duly sworn on oath says that he has personal knowledge of all of the facts set out in the foregoing motion, and that all of said facts are true."

The only alleged facts set out in said motion are "a newly discovered outstanding judgment on one installment of the contract sued upon, which renders the judgment of the trial court void, and further said judgment was obtained through fraud, accident, and mistake." The appellants herein were parties to the judgment referred to; and, though they may not in fact have known of said judgment at the time of the trial hereof in the district court, they are charged by law with notice of said judgment; and hence it cannot as a matter of law be said to be newly discovered. No facts are set out in said motion which tend to show any fraud on the part of appellees in obtaining judgment in the trial court. The allegation that the trial court was misled by appellees' attorneys as to what the Supreme Court had decided on the former appeal of this case is not, in a legal sense, an allegation of fraud, accident, or mistake. The substance of said alleged motion to vacate the judgment is that the trial court rendered judgment against appellants on findings of fact and conclusions of law which were res adjudicata in appellants' favor by reason of former proceedings in said court, and the

decision of the Supreme Court on a former appeal of this case, and we are asked to so find the facts. As the trial court was not requested to file its findings of fact or conclusions of law, and did not do so, we cannot say, as a fact, upon what it based its judgment. But, even if the trial court did base its judgment on findings of fact or conclusions of law which by reason of former proceedings in said court or in the Supreme Court were erroneous, this would only show that the trial court rendered an erroneous judgment, and not that its judgment was void. These were proper matters for consideration on the submission of this case in this court, if properly presented, but they are not matters which can be considered on a motion to vacate the judgment of this court. The judgment of this court may have been erroneous, but that was a matter for the Supreme Court to pass upon; the appellants submitted that issue to the Supreme Court, and it sustained this court. The Supreme Court may have erred in refusing a writ of error, but, if so, the errors of this court and of the Supreme Court were errors of law, and cannot be set aside by motion to vacate the judgment.

For the reasons stated, the motion for a rehearing on said alleged motion to vacate the judgment herein and the said motion to file findings of fact and conclusions of law are overruled.

**On Motion for Rehearing—Findings of Fact.**

JENKINS, J. 1. In 1900 appellants had a contract with the state of Texas for the publication of the current reports of the Supreme Court, the Court of Criminal Appeals, and the Courts of Civil Appeals.

2. In 1901 H. P. N. Gammel for the benefit of the Gammel Book Company, obtained a contract with the state to publish said current reports for a period of 20 years, and also to republish certain old reports.

3. Prior to October 1, 1901, appellants entered into a verbal contract with the Gammel Book Company, whereby they were to surrender their said contract with the state, and were to furnish said current reports as required by said Gammel's contract with the state, and also to publish a portion of said old reports.

4. On October 31, 1901, appellants and the Gammel Book Company entered into a written contract, whereby appellants agreed to print for the Gammel Book Company for a period of two years said current reports at a price set forth in said contract, and also four copies per annum of said old reports; and the Gammel Book Company agreed to deliver the copy for said current reports as the same was received by it from the state. Said written contract is set forth in full in our original opinion herein, and also in the opinion of the Supreme Court (100 Tex. 328, 99 S. W. 701, 8 L. R. A. [N. S.] 1197).

5. On September 24, 1902, appellants brought suit in the district court of Travis county (No. 18,900) for work and labor done under said written contract, and recovered judgment for the sum of $5,240.70. Said judgment was affirmed by the Court of Civil Appeals.

6. On July 11, 1904, appellants brought this suit in the district court of Travis county to recover for alleged breaches of said contract subsequent to the filing of said suit No. 18,900.

7. This suit was brought against said Gammel Book Company on said contract and against the other defendants named therein upon the ground of conspiracy to induce said Book Company to breach said contract and the absorption of the funds of said Book Company.

8. To this suit the defendants therein, in addition to a general denial, pleaded the judgment in said cause No. 18,900 in bar of this suit, and that the contract sued on had been rescinded by the parties thereto.

9. The court on the first trial of this case instructed the jury, in substance, that the appellants were not entitled to recover as to any breach of the contract accruing subsequent to the filing of cause No. 18,900, and prior to the trial thereof, and the jury, in accordance with said instructions, returned a verdict in favor of defendants as to such alleged breaches.

10. The court on said trial charged the jury, in substance, that if they found that appellants, in consideration of the agreement of H. P. N. Gammel to secure their release from a bond given by said Gammel to the state of Texas to secure the performance of his contract with the state hereinbefore mentioned, agreed to release the Gammel Book Company from the contract herein sued on, and that if said Gammel did secure such release, and if they further found that said contract had been abandoned by the acts of the parties thereto, to return a verdict for the defendants, but that, if they did not so find, to return a verdict for the plaintiffs, appellants herein, against said Book Company for such profits, if any, as they would have made by reason of the breach of contract as to volume 30 Civil Appeals Reports. The jury returned a verdict for appellants as to said volume for $1,174.24, and judgment was entered for that amount.

11. Each of the parties filed a motion for a new trial; and, the same being overruled, each gave notice of appeal. The appellants perfected their appeal by giving a proper bond; appellees gave no appeal bond.

12. Appellants assigned error, among other things, that the court erred in instructing the jury against them as to breaches of said contract occurring after the filing of said suit No. 18,900 and prior to the trial of the same. The Court of Civil Appeals overruled this assignment, but the same was sustained by the Supreme Court on writ of error (100

Tex. 331, 99 S. W. 701, 8 L. R. A. [N. S.] 1197).

13. Appellees filed a cross-assignment of error as to the refusal of the court to peremptorily instruct a verdict for the defendants, for the reason that the judgment in cause No. 18,900 was a bar to any recovery in this suit. As we construe the decision of the Supreme Court, that assignment was, in effect, overruled. The Supreme Court in said decision recites the contracts hereinbefore referred to, and says that "the evidence establishes that profits would have accrued to Ben C. Jones & Co. upon each volume, if they had been permitted to publish them under the terms of the contract." For error of the trial court in charging the jury as above indicated, the Supreme Court reversed and remanded this case.

14. Upon this case being remanded, appellants amended their petition by making additional parties, alleging conspiracy to induce a breach of said contract and the absorption of funds.

15. To this amended petition appellees pleaded in addition to the general denial that the contract sued on (1) was void, as against the anti-trust statutes of this state; (2) that the 20-year oral agreement was void under the statute of frauds; (3) the two and four year statutes of limitation (except R. L. Batts); (4) the judgment in 18,900 in bar of this suit; (5) an oral agreement to rescind the contract sued on herein, made about September 1, 1902, in consideration of said Gammel's securing the release of appellant from his bond to the state; (6) that the contract had been rescinded by the acts of the parties, in that appellants had refused to do the work, and had sold their printing presses, rendering them unable to carry out the contract; (7) non est factum, in that the contract was signed on behalf of the Gammel Book Company by its president, without having authority so to do.

16. The second trial of this case was before the court, and no findings of fact or conclusions of law were filed; the court rendered a general judgment for the defendants.

17. In our original opinion filed herein May 24, 1911, we declined to consider most of appellants' assignments for the reason that they did not comply with the rules as to briefing cases in this court. We did, however, consider assignment No. 16. Said assignment, which was submitted as a proposition, was in substance that the undisputed evidence showed that appellees had breached the contract sued on, and that plaintiff had been damaged thereby in the sum sued for, and that the court erred in failing and refusing to render judgment for plaintiffs against each and all the defendants for such damages. The statement under said assignment showed a verbal contract for 20 years, the written contract of October 31, 1901, of two years, the work that was done and the price to be paid therefor, and the amount of profits

that appellants would have made by doing such work, and the breach of the contract by appellees. In said opinion we held, in effect, that while this assignment and the statements thereunder were sufficient to show that appellants were entitled to a judgment for the breach of said contract, if such judgment was not defeated by others matters pleaded by appellees, still that it might be, looking to the whole record, that the court entered the proper judgment upon the evidence as to defenses pleaded by appellees. We declined to examine the record as to these matters; the same containing 567 pages.

18. Upon motion to vacate said judgment we have carefully examined the brief of appellees, which we did not examine upon the original hearing of this case, for the reason that we deemed the same unnecessary, and for the further reason that the brief of appellees contained 151 printed pages, setting out 65 counter propositions, none of which referred to any particular assignment of error or proposition made by appellant. An examination of the brief of appellees and also of the appellants and the record herein, in so far as the same relates to the subject-matters pleaded by appellees in defense of this action, discloses the fact that the trial court would not have been justified in rendering a judgment for appellees by reason of the matters pleaded in defense, as set out in above finding No. 15. Referring specially to appellees' plea as to the rescission of the contract sued on on or about September 1, 1902, it appears that in said cause No. 18,900 the appellees, by cross-action, sued appellants on said contract for the alleged breach thereof subsequent to said alleged agreement of rescission; and also as we construed the opinion of the Supreme Court herein (100 Tex. 320, 99 S. W. 701, 8 L. R. A. [N. S.] 1197) it was held that the judgment in said cause No. 18,900 was not a bar to this suit, and also that appellees entered upon the performance of the contract and received the benefits thereof subsequent to the time same was signed by the president of said Book Company. It also appears from the record that the appellants herein consolidated with another printing company, and incorporated the same on November 17, 1902, transferring to said corporation its printing plant, and that the Gammel Book Company assigned its contract with the state to the Gammel-Statesman Publishing Company on November 15, 1902.

19. Appellants filed a motion for rehearing in this court on the 6th day of June, 1911, which was by this court overruled on the 6th day of December, 1911. On the 4th day of January, 1912, appellants filed their application for a writ of error in this court, which was filed in the Supreme Court January 6, 1912. Said application, among other things, set out, first, trial of this case and the result thereof; the action of the Su-

preme Court upon a writ of error upon said judgment, and that the effect of the same was to render all matters in this case, except as to the amount of damages res adjudicata; that the judgment of the Court of Civil Appeals was rendered without regard to the undisputed evidence in the record and against such evidence, and that the effect of the judgment of the trial court and the affirmance of the same by the Court of Civil Appeals was to overrule the judgment of the Supreme Court in this cause, and that the district court had no jurisdiction to render such judgment, and in so doing usurped authority. Said application for writ of error was denied by the court on the 7th day of February, 1912. Appellants on February 20, 1912, filed in said court a motion for rehearing on their writ of error, which was by said court overruled on the 28th day of February, 1912. On May 28, 1912, appellants filed in this court a motion to vacate the judgment herein, and a request that this court file findings of fact and conclusions of law on said motion, which motion was by this court overruled October 12, 1912. On October 23, 1912, appellants filed a motion for rehearing of their motion to vacate judgment and file findings of fact and conclusions of law, which motion was by this court overruled January 8, 1913. This case is now pending on a supplemental motion of appellants to vacate said judgment and file findings of fact and conclusions of law, filed in this court on the 15th day of January, 1913.

20. As one of the grounds for vacating said judgment, appellants have filed herein an affidavit, to the effect that the judge of the district court trying this case stated to them orally that he based his judgment·on a finding of fact that the contract herein had been rescinded on or about September 1, 1902, by mutual agreement, and that he would make an affidavit to that fact, if he considered it proper for him to do so. This affidavit is not controverted. If this had appeared in the record as a finding of fact, or a conclusion of law by the court, the evidence would not have sustained such finding or conclusion.

### Opinion.

[4] As stated in our opinion herein overruling appellants', motion "to vacate judgment," said motion was in substance a motion for a rehearing, and the same is true of the motion for rehearing and supplemental motion for a rehearing on said motion to vacate judgment. We are somewhat in doubt as to our power to grant a rehearing herein at this time under the facts above set out; but, having reached the conclusion that we were in error in affirming the judgment of the trial court herein, we have concluded to give the benefit of the doubt to what we conceive to be the merits of the case and to grant a rehearing herein.

· [5] The record herein shows a valid contract and a breach of the same which entitled appellants to a judgment for at least nominal damages, and for such actual damages as they may have sustained, unless such breach was successfully defended by reason of some of the matters pleaded by appellees as set out in the fifteenth finding of fact herein. An examination of the record shows that none of said pleas were sustained by the evidence. For which reason a rehearing is granted herein, and the judgment of this court overruling motion for rehearing herein, the judgment affirming the judgment of the trial court, and the judgment of said trial court are here set aside and vacated, and this ' cause is reversed and remanded for a new trial.

Reversed and remanded.