## RISLEY vs. SQUIRE and JOHNSON.

Where warehousemen refuse to deliver up property in their charge, on demand of possession and tender of all legal charges, claiming an additional sum beyond their legal charges, an action will lie, by the owner, to recover the possession.

Although the law is opposed to circuity of action, that is, opposed to any attempt to obtain indirectly, by means of a subsequent action, a result which may be reached in an action already commenced; yet where it is not known, at the time the first action is commenced, that the defendants have possession of other property of the plaintiff than that sought to be recovered in that action, a second action may be brought, for such additional property.

APPEAL from a judgment entered upon the report of a referee.

This action was for the claim and delivery of personal property, being five bags of chiccory, valued at $35.48, with damages for the detention thereof.

The defendants, in their answer, set up several defenses: 1st. A general denial. 2d. That they had a lien upon said goods for storage. 3d. That the plaintiff was not the real party in interest. 4th. A former action pending for the same cause of action. The action was referred and tried before a referee. Upon the trial it appeared that on February 28, 1863, A. Blume & Co. stored with the defendants 635 bags of chiccory, for which the defendants gave the following receipt:

"New York, February 28, 1863.
Received in U. S. bonded warehouse, Nos. 6, 8 and 10 Bridge street. Messrs. Blume & Co. (caravan trans.) This receipt not negotiable. Marks and numbers:
No. marks. Six hundred and thirty-five bags chiccory.
Stamp, 25.
Storage, 3.
Labor, 3. (Signed) SQUIRE & JOHNSON."

That on that day A. Blume & Co. sold said goods to John Tappan, Cyrus Scofield and John Fox, copartners

under name of John Tappan, and delivered above receipt to said John Tappan, with the following indorsement:

" Please transfer within-mentioned goods to Mr. John Tappan and others.   Feb. 28, 1863.

A. BLUME & Co."

That on July 6, 1864, said John Tappan sold said chiccory, as 640 bags, to Leander S. Risley and Christoper Risley, partners under name of C. Risley.   Tappan applied to the defendants for their bill of charges upon said goods, which they furnished, amounting to $371.72.   Tappan admitted the bill to be correct, except that it was $38.10 too much, by reason of an increase of rates from three to four cents per bag per month after January 12, 1864, which he refused to pay, claiming that the defendants were limited by the price named in the receipt to A. Blume & Co. The defendants afterwards bestowed labor upon said goods amounting to $25.40, not mentioned in the bill.   Tappan offered to pay, and tendered to the defendants the amount of said bill, less $38.10, and demanded the goods, with which demand the defendants refused to comply, but nothing was said or done about the $25.40.   The plaintiff thereafter, on July 19, 1864, commenced an action for the recovery of 635 of the 640 bags, which were taken by the sheriff and delivered to the plaintiff.   The defendants offered to the sheriff, and requested him to take the whole 640 bags under the plaintiff's requisition in that action, which he refused to do.   The defendants then offered to the plaintiff to deliver to him the 640 bags, and to pay all costs and disbursements of said action, which the plaintiff refused to receive, unless the defendants would also pay, in addition to the taxable costs and disbursements of said action, $25 counsel fee of the plaintiff's counsel in said action.   Thereafter, and on August 11, 1864, the plaintiff commenced a second action in the Supreme Court, against the defendants, for the recovery of the five bags.   Both

actions are still pending and undetermined. The value of the five bags was $35.48. The plaintiff paid to the sheriff upon his demand $26.10 for services and expenses connected with the keeping and delivery of the possession of said five bags, but there was no evidence of the character or nature of the services of said sheriff for which such payment was made to him by the plaintiff. The plaintiff sustained no other damage by reason of the detention of said five bags, except the sum so paid to the sheriff. There was never tendered to the defendants any other or greater sum than $333.62.

When the plaintiff rested, the defendant moved to dismiss the complaint upon the following grounds. 1st. That the defendants had a lien for storage on the goods at the time of the commencement of the action, for which no tender had been made. 2d. That the goods had been transferred to Christopher Risley, and not to the plaintiff, and the plaintiff had no title to the goods. 3d. There was a defect of parties plaintiff, in that said Risley was not a party plaintiff. 4th. That Blume & Co. had never transferred any contract to store the goods, but only sold the goods. 5th. That it appears that another action for the same cause of action, to wit, the first action, was pending between the same parties. The referee denied the motion and the defendants excepted.

When the case was closed, the defendant renewed the motion upon the following grounds: 1st. That at the commencement of the action the defendants had a lien for storage and labor, for which no tender had been made. That the only pretense of a tender was for the $333.62, and none had been shown or claimed as to the $25.40, labor not included in the bill. 2d. That the goods had been transferred to Christopher Risley, and not to the plaintiff, and the plaintiff had shown no title to the goods. 3d. That there was a defect of parties plaintiff, in that said Christopher Risley was not a party plaintiff. 4th. That

Risley *v.* Squire.

it being admitted that the defendants' charges were reasonable and proper on a *quantum meruit*, the defendants still had a lien; for the contract with A. Blume & Co. even if it was transferrable to John Tappan, or to the plaintiff, had never in fact been transferred, and that the contract, having been put an end to, did not prevent the defendants charging, or relieve said Tappan from paying a reasonable and proper charge for storing the goods for him. That A. Blume & Co. having parted with their interest in the goods, had no interest in the contract, and not having transferred the contract, Tappan could not claim under it any rights against the defendants that they should store the goods at an unreasonable rate. 5th. That it appears that another action, for the same cause of action, to wit, the first action, has been commenced, and is now pending between the said parties. The referee denied the said motion, and the defendants excepted. The case was then submitted to the referee, who found the foregoing facts, and found as conclusions of law: That by the contract with A. Blume & Co. contained in the receipt, the defendants were limited to the charge of three cents per bag for storage, and could not increase the same as against said John Tappan or the plaintiff. That the pendency of the action for the 635 bags was no defense to the action for the remaining bags; and the latter was a different cause of action from the former. That the plaintiff was entitled to recover as damages the $26.10, for money paid to the sheriff. That the defendants having presented their bill containing an illegal charge to the amount of $38.10, and refusing to deliver the goods till that charge was paid, could not, after tender of the correct amount due on that bill, justify their retention of the property by setting up a correct lien for other charges founded on no specific agreement, but on a *quantum meruit* to which they then made no claim. That the plaintiff was

entitled to recover the possession of the property and $26.10 damages. The defendants excepted.

Judgment having been entered accordingly, the defendants appealed.

*S. B. Brownell,* for the appellants.

*John Fitch,* for the respondent.

*By the Court,* CLERKE, P. J. The findings of fact cannot be disturbed by us. There is not only some evidence tending to support them, but the referee would have clearly erred, if he had come to any other conclusion. He finds that the plaintiff was the owner of the five bags of chiccory ; that possession was demanded from the defendants and all legal charges were tendered ; that they refused to surrender these bags, and that they had no right to charge four cents, and were only entitled to three cents per month. The only question in the case, in which there was room for any reasonable doubt, is that arising from the pendency of another action. Certainly, the law is opposed to circuity of action ; that is, opposed to any attempt to obtain indirectly by means of a subsequent action, a result which may be reached in an action already pending. But, when the first action, the pendeney of which the defendants set up, was commenced, it was not known to any of the parties that the defendants had custody of the five bags, for which this action was brought. The plaintiff's right to 640 bags was not disclosed ; evidently, therefore, the second action was not commenced for the purpose of obtaining, indirectly, by means of it, a result which might have been reached in an action already pending.

I think, therefore, that the findings of fact and law on the issues are correct. But the sum paid to the sheriff for services and expenses, cannot be allowed to the plaintiff

as damages. If they are chargeable at all, they should be charged as costs or disbursements, and taxed by the clerk on due proof of their nature and character.

I advise that the judgment should be affirmed, without costs, provided the plaintiff shall consent to deduct those damages from the judgment, reserving to him the right, if he should do so, to have his costs retaxed. If he refuse to deduct those damages the judgment should be reversed, with costs. The same disposition should be made of case No. 1, between the same parties. The same error was committed by the referee in allowing the plaintiff, as damages, the sum of $103, paid to the sheriff.

New York General Term, January, 4, 1869. *Clerke, Sutherland* and *Geo G. Barnard,* Justices.]