St. Louis Southwestern Railway Company v. O. P. Moss.

No. 539.

**Res Judicata—Indivisible Cause of Action.**—A cause of action for the killing of two horses by a railway train at one time and place, and belonging to one person, is entire and indivisible, and a recovery in an action brought for the death of one of the horses is a bar to a subsequent action for the killing of the other.

Appeal from the County Court of Bowie. Tried below before Hon. John P. King.

*Todd & Rogers,* for appellant.—All acts of the same nature, performed at the same time, are regarded as one act in law; in case of torts, each trespass, or conversion, or fraud, gives a right of action, and but a single one, however numerous the items of wrong or damage may be; and when a party brings an action for a part only of an entire indivisible demand, and recovers judgment, he is estopped from bringing another action for another part of the same demand; hence the first judgment for the value of one of the mares killed is a bar to plaintiff's recovery herein. Foster v. Wells, 4 Texas, 101; Weathered v. Mays, 4 Texas, 387; Lee v. Kingsbury, 13 Texas, 68; Clegg v. Varnell, 18 Texas, 304; Tadlock v. Eccles, 20 Texas, 782; Girardin v. Dean, 49 Texas, 243; Nichols v. Dibrell, 61 Texas, 541; Railway v. Done, 70 Texas, 11; Litchenstein v. Brooks, 75 Texas, 196; Flippin v. Dixon, 83 Texas, 421; 1 Herm. Res Adjud. and Estop., secs. 219, 220; Wells Res Adjud. and Stare Decisis (1879), secs. 230, 236–239, 241; 1 Wait's Act. and Def., p. 146; Brannenburg v. Railway (Ind.), 74 Am. Dec., 250; Farrington v. Payne, 15 Johns. (N. Y.), 432; Bennett v. Hood, 79 Am. Dec., 705.

"Nemo debet bis vexari pro una et eadem causa."

No brief for appellee reached the Reporter.

RAINEY, Associate Justice.—Appellant, in operating its train, negligently killed, at the same time and place, two horses belonging to appellee. Appellee brought two suits in the Justice Court against appellant, each to recover damages for the killing of one of said horses. The first suit was tried and resulted in a verdict for appellee, which judgment was paid off and discharged by appellant. In the second suit, this judgment was pleaded as res adjudicata in bar of a recovery. On hearing, however, judgment was rendered for appellee. An appeal was taken by appellant to the County Court, where the same result was reached, and appellant has brought the cause to this court for review.

The only assignment of error relates to the action of the court in holding that the recovery in the first case was not a bar to a recovery in the second action.

In Pitts v. Reynolds, 1 Texas, 604, it was said, that "when a party can enforce his right by one action, he ought not to be permitted to resort to many; and especially when there is but one entire contract and cause of action."

In Railway v. Done, 70 Texas, 11, Mr. Justice Gaines says: "Our system of procedure is essentially equitable in its nature, and was designed to prevent more than one suit growing out of the same subject matter of litigation; and our decisions from the first have strictly fostered this policy." Citing Chevatur v. Rush, Dall., 611; Burge v. Smith, Dall., 616; Clegg v. Varnell, 18 Texas, 294.

In the case at bar the appellant was guilty of a tort, by which both horses were killed at the same time and place. The injury to appellee resulted from one act of appellant, and his cause of action was entire and indivisible. The judgment in the first suit was a complete bar to a recovery in this suit, and the trial court erred in not so holding.

An analogy to this principle is to be found in the breach of an entire contract. In such a case, it is well settled that the injured party is entitled to only one action for damages. Litchenstein v. Brooks, 75 Texas, 196; 32 Am. Dec., 448, and note.

The judgment of the court below is reversed, and here rendered for appellant.

*Reversed and rendered.*

Delivered November 14, 1894.