JESSIE CRAIG ET AL. v. JOHN H. BROOCKS.

Decided March 26, 1910.

**Trespass to Try Title—Splitting Cause of Action—Res Judicata.**

One having title to a tract of land adversely claimed by another can not split up his cause of action, by successive suits upon the same title into two or more actions for undivided portions of the land. A suit and judgment for an undivided portion of the land will be a bar to a second suit for the remaining portion.

Appeal from the District Court of Tyler County. Tried below before Hon. W. B. Powell.

*W. A. Johnson* and *Joe W. Thomas,* for appellant.—A judgment is conclusive not only as to the subject matter determined, but also as to every matter belonging to the matter litigated which the parties might have litigated in the case and which they might have had decided by the use of proper diligence; that is, where there is "one contract there can be but one recovery," and the parties litigants can not split a cause of action which is inseparable. Nichols v. Dibrell, 61 Texas, 541; Kempner v. Comer, 73 Texas, 202; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 1; Mallory v. Dawson Cotton Oil Co., 32 Texas Civ. App., 294; Hatch v. Garza, 22 Texas, 187; City

of Houston v. Walsh, 27 Texas Civ. App., 121; Moore v. Snowball, 98 Texas, 16; Delaney v. West, 13 Texas Ct. Rep., 419; Clement v. Clement, 44 Texas Civ. App., 412; Puckett v. National Annuity Assn., 114 S. W., 1041; Moore v. Chattanooga Elec. Ry. Co., 109 S. W., 500.

*Mooney & Mann,* for appellee.—To determine the effect of an adjudication pleaded in bar in another suit, it is necessary and proper to look into the pleadings and the judgment rendered in the former suit and to ascertain the manner in which it was tried and the issue determined. Teal v. Terrell, 48 Texas, 491; Groesbeck v. Crow, 91 Texas, 74; James v. James, 81 Texas, 381; City of Houston v. Walsh, 27 Texas Civ. App., 120; Oldham v. McIver, 49 Texas, 572; Rackley v. Fowlkes, 89 Texas, 613; Moore v. Snowball, 98 Texas, 16; Neyland v. Craig, 56 Texas Civ. App., 234.

REESE, ASSOCIATE JUSTICE.—John H. Broocks instituted this action in the District Court of Tyler County against Jessie Craig and her guardian, Ed. Craig, for the recovery of the W. M. Smith survey of 1479 acres of land. The first count of the petition presents an ordinary action in trespass to try title. By the second count it is alleged that three persons, Neyland, Russell and Unsworth, had by agreement among themselves bought of Kelly Hogg the said Smith survey, and that a deed had been executed to the three persons named; that afterwards it had been agreed that Neyland and Russell should pay the purchase money and take the land, Unsworth not desiring to share in the trade, and that in pursuance of this agreement Neyland and Russell paid all of the purchase money, Unsworth agreeing to execute a conveyance to them for his interest under the deed, but that he had neglected to do so. It was alleged that Unsworth by will had devised all of his property to Jessie Craig, and that her codefendant in this suit, Ed. Craig, was her legal guardian. It was further alleged that the plaintiff, John H. Broocks, had succeeded to and now held all the title of Neyland and Russell to the land. Plaintiff prayed that his equitable title, based upon the foregoing facts, be established and that he have judgment for the land.

Appellants disclaimed as to three-fourths (undivided) of the land, and as to the remaining one-fourth pleaded general denial and not guilty, and in addition filed the following special plea:

"Further answering to said petition of plaintiffs, this defendant says that the plaintiff and those under whom he holds can not assert and claim right or title in and to one-fourth undivided interest in said land set out and described in the plaintiff's petition, prior to December 18, 1905, for the reason that their claim of right and title to said land and the possession thereof was adjudicated and divested out of said plaintiff and those under whom he claims and is *res adjudicata* by reason of the following facts, to wit: That prior to December 18, 1905, T. H. Neyland and David Russell, grantors of the plaintiff, sued defendant to recover the said W. M. Smith survey, being abstract No. 579, patent No. 157, vol. 24, situated in

Tyler County, Texas, said suit being styled T. H. Neyland et al. v. Ed. Craig et al., No. 2681 on the docket of the District Court of Tyler County, Texas.

"That on December 18, 1905, judgment was rendered and entered by the court, which is now a valid, subsisting decree, divesting out of said defendants Ed. Craig as guardian of Jesse Craig three-fourths interest in the aforesaid described W. M. Smith survey, leaving title in the said defendant, Ed. Craig, as guardian for Jessie Craig, one-fourth interest thereof, that portion of said decree being in substance as follows: 'It is therefore considered, ordered, adjudged and decreed by the court that the plaintiffs, T. H. Neyland and David Russell, do have and recover of and from the defendants, Ed. Craig, guardian of the person and estate of Jessie Craig, the land and premises as follows: An undivided three-fourths interest in abstract No. 579, patent No. 157, vol. 24, patented to W. M. Smith, situated in Tyler County, Texas.'"

There was no exception to this plea. The case was tried with the assistance of a jury. The court charged the jury that the judgment referred to in the special plea put the title to three-fourths of the land in Neyland and Russell and by proper conveyances plaintiff had their title, and that both under this judgment and by disclaimer of defendants, plaintiff was entitled to recover this undivided three-fourths interest. As to the remaining one-fourth interest the jury was instructed to return a verdict for plaintiff if they found the facts to be true with regard to the agreement with Unsworth, and the payment of the entire purchase money of the land by Neyland and Russell as alleged. The court did not submit to the jury the issue presented by the special plea of defendants aforesaid. Upon this issue defendants requested the following special charge, which was refused:

"You are instructed that the plaintiff herein is precluded to recover of the defendants by the former judgment of this court rendered and entered December 18, 1905; therefore your verdict will be in favor of the defendants."

The jury returned a general verdict for plaintiff upon which judgment was rendered for the entire survey of land. Defendants made a motion for a new trial, which was overruled, and they prosecute this appeal from the judgment as to the undivided one-fourth interest not covered by their disclaimer.

The land in question was conveyed by Kelly Hogg to T. H. Neyland, J. R. Unsworth and David Russell, September 27, 1899. The evidence was sufficient to establish the agreement between Neyland and Russell and Unsworth, and the payment of the entire purchase money by Neyland and Russell under such agreement with Unsworth, that they should take the land and that he should not have or claim any interest in it. Appellee has succeeded to the title of Neyland and Russell, and by the will of Unsworth, who died in 1901, Jessie Craig has succeeded to whatever title or interest Unsworth may have had. Ed. Craig is her guardian. As to the special plea the undisputed evidence discloses the following facts: On July 7, 1902, T. H. Neyland and David Russell instituted suit against Ed. Craig, guard-

ian of Jessie Craig, in the District Court of Tyler County, for the recovery of an undivided three-fourths of the W. M. Smith survey here sued for. The first count of the petition is in trespass to try title for the W. M. Smith survey here sued for, as in the present suit, with the exception that it is expressly stated that "the land sued for is an undivided three-fourths interest in said tract." The second count of the petition is identical with the second count in the petition in the present suit, with regard to the purchase of the land, the execution of the deed to Neyland, Russell and Unsworth, the agreement between Neyland, Russell and Unsworth, and the payment of all of the purchase money by Neyland and Russell as aforesaid, and there is the same prayer, "that whatever title appears in said Jessie Craig be divested out of her estate and that the same be adjudged a cloud on the title of plaintiff, and that the equitable title of plaintiff be declared superior to that of defendants." Upon trial of this case judgment by default was rendered for Neyland and Russell against the defendants, Ed. Craig, guardian, and Jessie Craig, for an undivided three-fourths interest in the land sued for. The judgment was rendered December 18, 1905, and by its terms followed the prayer in the second count of the petition.

By the fifth assignment of error appellants complain of the action of the court in refusing to give to the jury the special charge hereinbefore set out with regard to the legal effect of the aforesaid judgment. There is no dispute about the facts with regard to this issue. They are established by the undisputed evidence, which establishes that Neyland and Russell, appellee's predecessors in title, having the same title to the entire survey as is now claimed by appellee Broocks, and set up in this suit as a basis for recovery of the entire tract, upon such title and upon the same cause of action here set up, instituted suit against the defendants in this suit for the recovery of an undivided three-fourths interest in the land, and by judgment of the court recovered such interest. No reference is made in the petition in this case to the previous action, and no explanation attempted to be made as to why, having this title to the entire survey, Neyland and Russell only sought to recover an undivided three-fourths thereof. The second count of the petition in the present case, upon which the recovery is had, appears to be an identical copy of the second count of the petition in the previous action. The question presented by the assignment is, can one having title to a tract of land adversely claimed by another, split up his cause of action, by successive suits upon the same title and the same cause of action, into two or more successive actions for undivided portions of the land? We can see no difference between such case and one where the holder of a promissory note or other contract for the payment of a sum of money, chooses to bring successive suits for parts of his debt. In either case the cause of action is indivisible, and can not be made the basis for successive actions, each prosecuted to final judgment. The first judgment is a bar to further recovery, not so much on the ground of *res judicata,* for in the present case it might be said that the title to the one-fourth interest here recovered was not in issue and was not adjudicated in the first suit, but upon

the ground that a party can not split up a single and indivisible cause of action, and make it a basis of successive recoveries of portions thereof. This question is generally treated by text writers and decisions as part of the general doctrine of *res judicata*, but seems to us to rest upon a different principle. The authorities cited by appellee in his brief, to the general effect that a former judgment is not *res judicata* upon issues which might have been adjudicated in that suit if it appears that they were not in fact adjudicated (Teal v. Terrell, 48 Texas, 491; Groesbeck v. Crow, 91 Texas, 74; James v. James, 81 Texas, 381; Moore v. Snowball, 98 Texas, 16), have no application to the principle here invoked by appellants. It is true that the title to the undivided one-fourth of the land here adjudged to appellee was not in fact adjudicated by the former judgment, although it might have been, but by the same reasoning it would follow that if A has B's note for $100 and sues to recover $50 thereof, and has judgment, he could afterwards sue for the balance, and, when the former judgment was pleaded, reply that the balance sued for in the second suit was not in issue and was not adjudicated by the first judgment, although it might have been. And the same answer might be made as to any other indivisible cause of action to be split up into successive suits. That this can not be done, but that the first judgment is a bar to any subsequent judgment is, we think, conclusively settled. (Wells, Res Adjudicata, chap. 19; 1 Ency. of Pl. & Pr., 148 et seq.; United States v. Throckmorton, 98 U. S., 65; Nichols v. Dibrell, 61 Texas, 541; Kempner v. Comer, 73 Texas, 202; Mallory v. Dawson Cotton Oil Co., 32 Texas Civ. App., 294, 74 S. W., 954; St. Louis S. W. Ry. Co. v. Moss, 9 Texas Civ. App., 6, 28 S. W., 1038; Dixon v. Watson, 52 Texas Civ. App., 412, 115 S. W., 102; Gillett v. Lee, 2 Posey (U. C.), 743; Tarbox v. Hartenstein, 4 Baxt. (Tenn.), 78; Bryan v. Spivey, 106 N. C., 95; Knowlton v. New York & N. E. R. R. Co., 147 Mass., 606; Brannenberg v. Indianapolis, P. & C. R. R. Co., 13 Ind., 103; Union Ry. v. Traube, 59 Mo., 362; Fulton v. Matthews, 15 Johns., 432; Deweese v. Smith, 66 L. R. A., 971. Exceptions which illustrate the rule: Moran v. Plankinton, 64 Mo., 337; United States v. Throckmorton, 98 U. S., 66; Risley v. Squire, 53 Barb., 280; Bennett v. Hood, 1 Allen (Mass.), 47.) It follows that the court erred in refusing the charge requested by appellants. Upon this issue the jury should have been instructed to return a verdict for appellants as to the undivided one-fourth of the land.

Appellee contends in his brief, by way of answer to this assignment, that the court overruled the plea of *res judicata* and that appellants should have excepted to such ruling and assigned that as error instead of requesting the charge and assigning error upon the refusal to give it. The record shows no such ruling by the court. There was no exception to the plea. Evidence was heard in support of it without objection. It is true the issue was not submitted in the court's charge. It could not have been properly submitted except by a peremptory instruction, as the facts were undisputed. The issue was properly presented by appellants in the trial court and is properly presented here.

We have examined the other assignments of error, and the several propositions thereunder and are of the opinion that none of them are well taken.

For the error indicated and discussed the judgment of the trial court will be reversed as to the undivided one-fourth of the land, and as the facts are undisputed and fully developed, judgment will be here rendered that as to the said undivided one-fourth interest in the land, the appellee take nothing by his suit, and it is so ordered.

*Reversed and rendered.*

Writ of error refused.