**W. T. CARTER & BRO. et al. v. TREADWAY. (No. 1577.)**

Court of Civil Appeals of Texas. Beaumont. Oct. 20, 1927.

**1. Action ⚭53(2)—Complaint for damages to parts of land by obstructing creek was not objectionable as splitting causes; judgment being conclusive of all claims for such damages to entire farm.**

In suit for damages to parts of land by obstructing creek flowing through land and causing it to overflow its banks, judgment allowing recovery for damages to 6-acre tract on land was conclusive of all claims for damages to land by reason of obstruction to date of filing suit, damage having been occasioned by single act and constituting single cause of action, and the cause of action brought was not objectionable as improper splitting of causes of action.

**2. Appeal and error ⚭1053(1)—Admission of testimony of improvements on entire farm, if error, in suit for damage to specific tracts, was cured by withdrawal from jury.**

In suit for damage to specific tracts of farm by obstruction of creek causing overflow on such tracts, admission of evidence as to improvements on entire farm and that tracts alleged to have been damaged were most valuable part of farm, if error, was cured by written charge instructing jury that testimony was withdrawn and could not be considered for any purpose.

**3. Waters and water courses ⚭179(4)—Exclusion of testimony as to improvements on farm did not prevent finding of value of specific tracts damaged by obstruction of creek.**

In suit for damage to specific tracts of farm by obstruction of creek causing overflow on such tracts, exclusion from jury's consideration of testimony as to improvements on entire farm, and that two tracts damaged were most valuable part of farm, did not leave jury without evidence on which to base findings as to value of specific tracts standing alone, where there was proof of value of both tracts alleged to have been damaged independent of its connection with remainder of farm.

Appeal from District Court, Polk County; J. L. Manry, Judge.

Suit by J. M. Treadway against W. T. Carter & Bro. and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Feagin & Feagin, of Livingston, and Baker, Botts, Parker & Garwood, of Houston, for appellants.

F. Campbell, of Livingston, and G. C. Lowe, of Woodville, for appellee.

O'QUINN, J. Appellee sued appellants to recover damages to certain portions of a 70-acre tract of land owned by him and upon which he resided. Appellee was engaged in farming. His tract of land is situated in Polk county, Tex., and has Beaver creek for its east and southeast boundaries, and Mill creek runs through the southwest corner of his 70 acres. These two creeks unite a short distance south of the 70 acres. The southeast portion of appellee's land lies in the forks of Mill and Beaver creeks, both of which flow in a southerly direction. These creeks are what is known as spring creeks, having a constant flow of water, and each of them has its source far above appellee's land. They are natural gutters furnishing drainage for the lands through which they pass, as well as appellee's lands.

For cause of action, appellee alleged that during the year 1925, appellants in cutting timber from the surrounding lands carelessly and negligently threw tree tops, limbs, logs, and brush into said creeks south of his land, and allowed same to remain, which caused leaves and trash to accumulate in the beds of said creeks, thus filling and clogging the beds of said creeks, greatly reducing their carrying capacity; that as a result Beaver creek was caused to overflow its banks near the north part of a cultivated 6-acre tract of his land, washing away the soil and depositing sand thereon, by reason of which it had been permanently damaged, and its usefulness prac-

⚭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tically destroyed, to his damage $540. Appellee further alleged that on account of the congested condition of Mill creek water was backed upon and over a cultivated 4-acre tract of his land, permanently damaging same, for which he sought damages in the sum of $360, but pleaded alternately that if it should be found that same was not permanently damaged, then he sought to recover its rental value for the year 1926, which he alleged was $100. He also alleged damages to a 2-acre tract of pasture land.

Appellants defended on the ground that if appellee's land had been damaged by overflow it was not due to any act on their part, but was due to continuous, excessive, and unprecedented rainfalls in the locality of appellee's land, causing the streams to overflow, and that if appellee's land was overflowed it was due to its peculiar location and the continued and unprecedented rains.

The case was submitted to a jury on special issues, in answer to which they found that the damage to the 6-acre tract was caused by the alleged obstructions, and amounted to $150. They also found that the obstructions were temporary, which eliminated any recovery by appellee for damages to the 4 and 2 acre tracts, but awarded appellee the sum of $50 for rental for the 4-acre tract for 1926. In accordance with the verdict, judgment was entered for appellee in the sum of $200, from which judgment this appeal is taken.

Appellants' first proposition asserts that the 6 and 4 acre tracts were inseparable parts of appellee's 70-acre farm, and had an inseverable relation to all the other parts of said farm, so that injuries or damages to said two tracts must have resulted in damage to the farm as a whole, and that if appellee had any cause of action it was for damages to said farm as a whole, and not for damages to lesser but interrelated parts, and as a recovery for damages to said parts treated as distinct portions of the whole farm would not bar a recovery for injury to the whole, appellants were entitled to have the cause of action brought in such way as that a judgment therein would be conclusive of all claims and a bar to any further actions for said damages to said land, wherefore the court erred in refusing appellants' requested charge for a peremptory instruction in its favor.

[1] The assignment is overruled. The judgment in this suit is conclusive of any and all claims for damages to appellee's land by reason of the obstruction of said creeks to the date of the filing of this suit. The damage was occasioned by one act, constituted a single cause of action, or entire demand, and under the well-settled law appellee could not split up his cause of action and bring separate suits for different portions of same. 1 C. J. 1106, §§ 275 and 276; 1 C. J. 1116, § 298; St. Louis S. W. Ry. Co. v. Moss, 9 Tex. Civ. App. 6, 28 S. W. 1038; Texas & P. R. Co. v. Scoggin & Brown, 42 Tex. Civ. App. 335, 95 S. W. 651; Craig v. Broocks, 60 Tex. Civ. App. 83, 127 S. W. 572, 574 (writ refused).

Appellants' second and third propositions complain that as appellee by his pleadings predicated his right to recover upon a claim for damages to a specific 6-acre tract of land and a specific 4-acre tract of land, without showing the relation which said tracts bore to the balance of the farm and the improvements thereon, it was reversible error to permit appellee to testify, over appellants' objection, as to the improvements on his said 70 acres, and that these two tracts were the most valuable part of his farm, and that the court would not cure said error by withdrawing such testimony from the consideration of the jury.

[2] These assignments are overruled. Appellee, over the objection of appellants, was permitted to testify along the lines complained of, but if the admission of said testimony was error, it was cured by the court in a special written charge to the jury instructing them that said testimony was withdrawn from their consideration, and that they could in no wise consider same for any purpose. The verdict of the jury, we think, shows that they were not influenced by said testimony. There was no effort made by appellee to show any depreciation in value of the remainder of his 70-acre tract, but the evidence as to value went wholly to the 6 and 4 acre tracts which were shown to have been damaged.

[3] By the fourth proposition appellants say that, even if the effect of the testimony complained of in their second and third assignments, and which was withdrawn from the consideration of the jury, was taken from the minds of the jury, it left the jury without any reliable evidence on which to base a finding as to the value of the specific tracts standing alone, and therefore the court erred in submitting any issue to the jury as to same.

This assignment is overruled. There was proof of the value of both tracts of land alleged to have been damaged, independent of its connection with the remainder of the 70-acre tract.

Appellants' contention, that the findings of the jury that the obstructions placed in the creek south of appellee's land were the direct and proximate cause of the damage to the 6-acre tract of land and the direct and proximate cause of the flooding of the 4-acre tract of land are without any evidence of probative force to support them, and so contrary to the great weight and preponderance of the evidence as to be manifestly wrong, cannot be sustained. We think the evidence amply supports both findings.

No reversible error being shown, the judgment should be affirmed, and it is so ordered.

Affirmed.