## STATE LIFE INS. CO. v. WILSON.

### No. 4024.

Court of Civil Appeals of Texas. Amarillo.

Jan. 25, 1933.

Rehearing Denied Feb. 22, 1933.

Bean & Klett, of Lubbock, for appellant.

Vickers & Campbell, of Lubbock, for appellee.

JACKSON, Justice.

The appellant, State Life Insurance Company, instituted this suit in the district court of Lubbock county, on August 18, 1932, against appellee, R. Ira Wilson, to cancel a health, accident, and life insurance policy for the sum of $2,500, issued by appellant to appellee on April 11, 1921.

In an amended petition filed October 4, 1932, the appellant alleged:

· The policy provided that, if the insured, before default in the payment of any subsequent premium, should become wholly and permanently disabled by bodily injury or disease so as to permanently, continuously, and wholly prevent him from performing any work for compensation or profit or following any gainful occupation, the company would, upon receipt of proof of such condition, waive payment of premiums thereafter becoming due and pay the insured monthly 1 per cent. of the original amount of the insurance during such disability. That, if insured should fail to furnish such proof or should recover, the obligation to waive payment of premium and the payment of monthly installments under the policy should cease and the insured should resume payments of premiums as the contract stipulated. That the company paid the insured $25 per month for the first nine months of 1931 under the policy, but refused to pay benefits thereafter, and notified the insured to that effect because he had recovered. That the insured refused to pay the premium due April 11, 1932, and failed to furnish proof of his disability as required, on account of which the policy was forfeited and appellant is entitled to a cancellation thereof. That on April 23, 1932, insured recovered judgment against the company in the county court of Lubbock county for the last three months of 1931 and the first four months of 1932, together with interest and attorney's fees. That an appeal from such judgment was perfected and is still pending in the Court of Civil Appeals at Amarillo. That later the insured instituted suit in the county court against the company and recovered for the installments of May and June, 1932, attorney's fees, and penalty, aggregating a judgment in the sum of $81. That no appeal was prosecuted because the amount in controversy was below the jurisdiction of the appellate court. That the insured on September 7, 1932, filed suit in the county court, cause No. 3294, to recover against the company for installments for July and August. That the company filed its plea in abatement to said suit, urging the pendency of this suit in the district court. Its plea was overruled, and said case was set for trial on October 17th, on which date, in all probability, a judgment will be rendered against the company and the amount involved is below the jurisdiction of the Court of Civil Appeals and no appeal therefrom can be had. The company attached to its petition and made a part thereof copies of the pleadings in cause No. 3294, alleged to be pending in the county court.

That the insured and his attorneys have announced that they will continue to file and prosecute similar suits for an amount below the jurisdiction of the Court of Civil Appeals and in all probability judgment in such suits will be rendered against the company. That such suits are groundless and such action on the part of the insured and his attorneys is for the purpose of harrassing and vexing the company and will harass and vex the company with a multiplicity of suits to its irreparable injury and damage in the sum of $3,000. That the company has no adequate remedy at law, and this suit in the district court should prevail over any subsequent suit filed in justice or county court, and prayed that a temporary restraining order be issued, enjoin-

ing the insured and his attorneys from further prosecuting suits in the county or justice court until this suit in the district court for cancellation is determined, which was granted.

On November 14th the insured answered the suit of appellant in the district court by demurrers and exceptions to the effect that the allegations in appellant's petition showed that the county court of Lubbock county, in causes Nos. 3186 and 3268, had adjudged that the insured was totally disabled, under the provisions of the insurance contract, on April 11, 1932; hence was not required to pay the premiums on the policy on said date; that said county court had jurisdiction to hear and determine such matters, and the district court is without power and jurisdiction to again adjudge and determine such adjudicated controversy.

The appellee pleaded in detail the two judgments obtained by him against the company in the county court; that he was disabled within the meaning of the insurance policy on April 11, 1932; that such issue had been adjudicated in said court in his favor; and that the provisions of the policy stipulated that, when he is disabled under its terms, the payment of the premium is waived, and that he is entitled to the benefits under the policy until the next annual premium date, which will be April 11, 1933.

In answer to the merits, he pleaded a general denial; that he was disabled within the terms of his insurance contract on April 11, 1932, and had been since that date, and because thereof he was not required to pay the annual premium on April 11, 1932, as under the policy the company waived the payment thereof. He alleged that he is afflicted, unable to follow any occupation for compensation, profit, or gain, that he made due proof thereof to the company, and frequently demanded his installments under the insurance contract, all of which were refused.

On hearing, without the intervention of a jury, the court sustained appellee's demurrers and exceptions, dissolved the injunction, and dismissed the case for want of jurisdiction, from which action this appeal is prosecuted.

According to an exhibit attached to plaintiff's petition, the policy contains, among others, these provisions:

"*Total & Permanent Disability:* If the insured, after paying at least one full annual premium and before default in the payment of any subsequent premium and before attaining the age of sixty years, shall become wholly and permanently disabled by bodily injury or by disease, so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, or from following any gainful occupation, the company, upon receipt at its home office, of due proof of such disa-

bility of the insured as may be required by the company, will grant the following benefits:

"1. Will waive payment of premiums thereafter becoming due.

"2. In addition will pay to the insured a monthly income equal to 1% of the original amount of insurance (exclusive of any accidental death benefit). The first monthly payment will be made upon satisfactory proof of disability as above provided and subsequent monthly payments will be made on the 1st day of each month thereafter during such disability. * *. *

"Proofs similar to those originally required of such continuous disability must be furnished at any time, if required by the company, but not oftener than once a year, and if the insured should fail to furnish such proofs, or should so far recover as to be able to engage in any gainful occupation, the obligation on the part of the company to waive payment of premiums and pay to the insured a monthly income shall cease, and the insured shall resume payment of premiums in accordance with this contract, beginning with the first premium becoming due after failure to furnish such proofs or after the date of such recovery."

Under these provisions, if the insured, after paying one premium and before defaulting in any subsequent premium prior to reaching the age of 60 years, becomes so disabled as to prevent him from doing any work for compensation or following any gainful occupation and furnished the proof thereof required, the appellant waived the payment of premiums during the continuance of such condition and agreed to pay insured $25 per month for such time; however, the proofs of such disability could be required but once a year.

■ The appellant alleges: That in county court on April 27, 1932, the appellee obtained a judgment against it on the policy, from which an appeal was prosecuted to this court. Our records show that the judgment in said cause was affirmed by this court, the opinion of which is reported in 54 S.W.(2d) 233. That appellant made application for writ of error to the Supreme Court, which is still pending. That the disability of appellee under the terms of his policy was made an issue of fact in the trial of the cause in county court and determined against appellant. The fact that the case is still pending on an application for a writ of error deprives the judgment of finality.

"The rule is well established in this state that the effect of an appeal or writ of error, whether prosecuted on cost or supersedeas bond during its pendency, deprives a judgment of that finality of character necessary to entitle it to admission in evidence in support of the right or defense declared by it." Fidelity Union Casualty Co. v. Hanson et al.

(Tex. Com. App.) 44 S.W.(2d) 985, 987 and authorities cited.

■ The appellant also alleged: That, in addition to the judgment above discussed, the appellee secured a judgment against it in county court for the installments of the months of May and June, 1932, with attorney's fees and penalty aggregating in amount $81. That no appeal was prosecuted therefrom because such amount was below the jurisdiction of the Court of Civil Appeals. This is therefore a final judgment by a court of competent jurisdiction (article 1970—209, Vernon's Ann. Civ. St.), and, in order for appellee to prevail in said suit, he was required to establish either the payment of the annual premium due April 11, 1932, or that his disability was such that the payment of said premium was waived according to the terms of his policy.

■ In the case at bar, appellant sues to cancel the insurance policy on the sole ground that appellee had failed to pay the annual premium due April 11, 1932. If the appellee did fail to pay but was disabled under the provisions of the policy as determined by the court in the final judgment on the installments for May and June, the appellant had by the express provisions of its policy waived the payment of the premium due on that date and the policy could not be canceled on the ground alleged.

■ "A sentence, judgment or decree of a court acting within its jurisdiction is res judicata, preventing the cause of action, fact or matter adjudicated from being relitigated in the same or any other court between the parties and privies, whether the court rendering it had general or inferior, concurrent or exclusive, jurisdiction. The relative rank of the courts involved is immaterial; if the judgment is one which in its nature operates as res judicata, it is binding upon all other courts, even the highest, although rendered by the lowest court in the judicial system." 34 C. J. § 1285.

The principles announced above are supported by many Texas decisions, the following of which we note: Foster v. Wells, 4 Tex. 101; John D. Freeman v. J. F. McAninch et al., 87 Tex. 132, 27 S. W. 97, 47 Am. St. Rep. 79; Cleveland et al. v. Ward et al., 116 Tex. 1, 285 S. W. 1063.

■ "The rule which forbids splitting a cause of action is not applicable to a contract of a continuing nature, which is not terminated by a single breach. Thus in case of a contract providing for periodical payments of money, as the purchase price of property or as rental or salary, a distinct cause of action arises when each installment falls due. Accordingly a separate action may be brought for each breach, unless the only effect of treating the contract as continuing is to enable the plaintiff to split his cause of action. Where questions are raised and decided in one controversy which apply with equal force to the contract in its entirety, such questions may not be litigated a second time in a subsequent action based upon the contract." 1 Tex. Jur. 673, § 55.

"Where several claims, due or enforceable at different times, arise out of the same transaction, separate actions may be brought as each liability accrues, although all of such claims which may be due at the time of bringing a given action must be included in it." 34 C. J. § 1247.

"Where money is payable by installments, a distinct cause of action arises upon the falling due of each installment, and they may be recovered in successive actions, no judgment in the series of actions operating as a bar to the recovery of any installment not due at its rendition." 34 C. J. § 1249.

See, also, Ben O. Jones & Co. v. Gammel-Statesman Publishing Co. et al., 100 Tex. 320, 99 S. W. 701, 8 L. R. A. (N. S.) 1197; Hermann v. Allen, 103 Tex. 382, 128 S. W. 115; Eastland County v. Davisson et al. (Tex. Com. App.) 13 S.W.(2d) 673; 2 Freeman on Judgments (5th Ed.) § 898; 2 Black on Judgments, § 749.

In Rau v. American National Insurance Co. (Tex. Civ. App.) 154 S. W. 645, 646, in passing upon an action to enjoin the assured from instituting other suits monthly on an accident policy stipulating for monthly payments because such suits would harass the company and cause it expense and irreparable damage, the court says: "The bringing of the suit in the county court on the 10 installments, then past due, did not estop appellant from instituting suits on the other installments when due, if not paid, and if appellee was vexed or harassed thereby, it must submit or pay the installments. By the terms of the policy appellee had contracted to indemnify appellant, if he was disabled by accident, by the payment monthly of the sum of $100, not to exceed 24 months, for the time appellant was disabled. Appellant had a right of action for each monthly installment, each being distinct and separate from the other, and therefore he was entitled to bring suit on each installment as it became due, if not paid, and appellee was not entitled to an injunction without showing some valid reason therefor."

In our opinion, the court correctly sustained the general demurrer to plaintiff's petition.

■■ The purported statement of facts in the record is not signed by the attorneys for appellant, nor approved by the trial court; hence it cannot be considered. Therefore, should we, be mistaken in the above holding, the case must be affirmed for the reason that appellee pleaded in the suit at bar his total and permanent disability, under the provisions of his insurance contract, on April 11,

1932, that he had furnished proof as required, and that such disability still existed. Therefore, in support of the judgment, we will presume, in the absence of a statement of facts, that these issues were determined in behalf of appellee.

The appellant's application to this court for a temporary writ of injunction restraining appellee and his attorneys from filing further suits during the pendency of this appeal, is refused.

The judgment is affirmed.