## SOVEREIGN CAMP, W. O. W., v. HELM.

### No. 3378.

Court of Civil Appeals of Texas. El Paso. April 30, 1936.

Rehearing Denied May 14, 1936.

Gowan Jones, of El Paso, for appellee.

HIGGINS, Justice (after stating the case as above).

■ Appellant presents but one point. It asserts the judgment in the former suit is res judicata of the present demand. The rule invoked is generally treated as a part of the doctrine of res judicata, but it is primarily based upon the rule which forbids the splitting of a single cause of action into separate suits. Craig v. Broocks, 60 Tex.Civ.App. 83, 127 S.W. 572. The rule is intended to prevent more than one suit growing out of the same subject-matter of litigation and to require parties to settle their controversies in one suit if practicable. 1 Tex.Jur.Actions, § 53. With reference to this policy, Judge Gaines in Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Tex. 5, 7 S.W. 368, 371, remarked: "Our system of procedure is essentially equitable in its nature, and was designed to prevent more than one suit growing out of the same subject-matter of litigation; and our decisions from the first have steadily fostered this policy."

And in Nichols v. Dibrell, 61 Tex. 539, Chief Justice Willie said:

"It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. Danaher v. Prentiss, 22 Wis. [311], 316; Bates v. Spooner, 45 Ind. [489], 493; LeGuen v. Gouerneur, 3 Johns. Cas. [N.Y.], 605; [LeGuen v. Gouverneur, 1 Johns.Cas.[N.Y.] 436, 1 Am.Dec. 121]; Shettlesworth v. Hughey, 9 Rich. [S.C.] 387. Or, as differently expressed, "the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time. Aurora City v. West, 7 Wall. [82] 106 [19 L.Ed. 42].

"This court has frequently indorsed this principle and adhered to it whenever it has been called in question. Lee v. Kingsbury, 13 Tex. 68 [62 Am.Dec. 546]; Tadlock v. Eccles, 20 Tex. 782 [73 Am.Dec. 213]; Chilson v. Reeves, 29 Tex. 275; Webb v. Mallard, 27 Tex. 80; Cayce v.

J. W. Morrow, of El Paso, for appellant.

Powell, 20 Tex. 767 [73 Am.Dec. 211]; Taylor v. Harris, 21 Tex. [438], 439; Baxter v. Dear, 24 Tex. 17 [76 Am.Dec. 89]."

The plaintiff's petition shows that prior to the institution of the former suit she demanded payment of the amount of the policy and payment was refused. The record does not show the date such demand was made, and it cannot be determined whether sixty days had elapsed between the date of such demand and the filing of the petition in the former suit. But the sixty-day period had passed when the amended petition in the case was filed on June 1, 1933. Upon the latter date plaintiff's right to damages and attorney's fees had accrued and became as much a part of her claim against appellant as the principal amount of the policy and interest. Penn Mutual Life Ins. Co. v. Maner, 101 Tex. 553, 109 S.W. 1084. The obligation to pay the damages and attorney's fee as provided by the statute had been breached before the amendment was filed. When the amendment was filed, plaintiff under proper averments and proof could have recovered her damages and attorney's fees as provided by the statute. National Life Ins. Co. v. Mouton, 113 Tex. 224, 252 S.W. 1040.

Having failed to include such demand in the amended petition, she is not entitled to later bring another suit to recover the same. The rule forbidding the splitting of a single cause of action into two or more separate suits bars the present action. 1 Tex. Jur. Actions, § 53; 26 Tex.Jur. Judgments, §§ 418 and 419; Eastland County v. Davisson (Tex.Com.App.) 13 S.W.(2d) 673; Davisson v. Eastland County (Tex.Civ.App.) 6 S.W.(2d) 782; Litchenstein v. Brooks, 75 Tex. 196, 12 S.W. 975; Craig v. Broocks, 60 Tex.Civ.App. 83, 127 S.W. 572; Southern Properties v. Carpenter (Tex.Civ.App.) 300 S.W. 963; W. T. Carter & Bro. v. Treadway (Tex.Civ.App.) 299 S.W. 293.

The record here presents a case of successive breaches of the obligation imposed upon appellant by the policy and the statute. The statutory obligation enters into and forms a part of the contractual obligation. Mutual Reserve Life Ins. Co. v. Jay, 50 Tex.Civ.App. 165, 109 S.W. 1116.

If the record showed that at the time the first suit was filed the 60-day period had passed, we would have no doubt, under the ruling in Eastland County v. Davisson, supra, of the correctness of the conclusion stated. That case holds, in the case of suc-

cessive breaches of a separable contract, a party bringing suit thereon must include all breaches which had occurred at the time of the commencement of the suit. Jones & Co. v. Gammel-Statesman Pub. Co., 100 Tex. 320, 99 S.W. 701, 8 L.R.A.(N.S.) 1197, holds that while a plaintiff may amend his petition and include in a pending suit all causes of action arising out of successive breaches of a contract occurring subsequent to the commencement of the suit, yet there is no rule of practice requiring him so to do, under penalty of having his remedy for such subsequent breaches barred by the judgment later rendered in the case. To the same effect is Cavitt v. Amsler (Tex.Civ.App.) 242 S.W. 246. That is the extent of the ruling in Jones & Co. v. Gammel-Statesman Pub. Co. Case as Judge Leddy points out in Eastland County v. Davisson, supra. So in the case at bar Mrs. Helm was under no obligation to amend her petition in the former suit and include therein the breach of the appellant's obligation to pay the statutory damages and attorney's fee. Her failure so to do would not alone have barred the present suit. But she elected to amend her petition in that suit after the appellant had breached the obligation imposed upon it by its contract and the statute. Having so amended, we are of the opinion it was incumbent upon her to include in the amended petition her right of recovery for the breach of the obligaton to pay the 12 per cent. damages and attorney's fees accrung subsequent to the commencement of her suit. To hold otherwise would not be in harmony with the policy of the decisions of this state.

Appellee cites authorities which hold a former judgment is not res judicata of issues which were not tendered by the pleadings in the former suit and not determined, though they might have been so tendered and determined. These authorities are not in point, for the rule invoked by appellant is the rule against splitting causes of action. This is pointed out by Judge Reese in Craig v. Broocks, supra.

Nor can we agree with the theory that the breach of the statutory obligation is so distinct from and independent of the breach of the strictly contractual obligation that each breach constituted such an independent cause of action as to render inapplicable the rule forbidding the splitting of a cause into two or more suits.

Our conclusion is that when appellee amended her petition in the former suit it

was incumbent upon her to include therein her present demand; that her failure so to do and the judgment rendered in that suit bar the present action.

Reversed and rendered.