RESERVE LIFE INSURANCE COMPANY, Appellant,

v.

John E. SHELTON, Jr., Appellee.

No. 11473.

Court of Civil Appeals of Texas.

Austin.

May 3, 1967.

Rehearing Denied May 24, 1967.

Joe Bailey Humphreys, Dallas, for appellant.

Sneed & Vine, Forrest N. Troutman, Austin, for appellee.

O'QUINN, Justice.

This cause now on appeal originated in justice court when appellee sued appellant insurance company on an indemnity claim, resulting from a broken collarbone, in the sum of $30, the amount scheduled under the policy of insurance.

The lawsuit assumed larger proportions and greater significance when the insurance company answered by written pleadings in the nature of a plea to the jurisdiction and general denial.

The basis of the plea to the jurisdiction, both in justice court and in the county court at law, is that another claim under the same policy, and between the same parties, having been adjudicated in district court, the present case is barred under the doctrine of res judicata.

John E. Shelton, Jr., appellee, sued Reserve Life Insurance Company, appellant, in justice court, March 26, 1965, in the sum of $30 for medical expense incurred as result of fracturing his collarbone. Shelton also sued, under Article 3.62, Texas Insurance Code (Vernon's Ann.Tex.Sts.), for penalty of 12 percent and for reasonable attorney's fees.

Appellant insurance company's answer and other matters in the record disclose that previously, in two suits filed in district court, Shelton had sued the same company, under the same policy of insurance, for (1) hospital expense and surgery for Shelton's wife incurred in April and May, 1963, and for (2) subsequent hospital expense, medicines, and surgical supplies from November, 1963, to June 24, 1964, when her death occurred. The first case was tried in January, 1965, and resulted in judgment for Shelton. The second suit in district court was pending when the case at bar was appealed.

Appellant insurance company argues that all claims under the policy properly should have been litigated in the case tried in district court. Appellant contends that the judgment in that cause, having become final by satisfaction and release, is res judicata as to the remaining two claims, one in district court and the other on appeal to this Court.

The justice court overruled the plea to the jurisdiction and awarded judgment to the insured appellee, and appellant appeal-

ed. The county court at law held with the justice court, overruling the jurisdiction plea and awarding judgment of $30 for medical services, $3.60 penalty, and attorney's fees of $100. Appellee thereafter filed remittitur of $34 under Rule 315, Texas Rules of Civil Procedure, reducing the amount claimed and upon which execution would issue to $98.60. Appellant perfected appeal to this Court.

■ Appellee by motion to dismiss the appeal attacks the jurisdiction of this Court, contending that the effect of the remittitur is to revise and reduce the judgment to $98.60, and thereby deprive the Court of jurisdiction to hear and determine the appeal in an amount below $100. Jurisdiction is determined by averments of the petition (in this case by the petition in the county court at law) as the allegations state facts relating to the thing in controversy. Booth v. Texas Employers' Ins. Assn., 132 Tex. 237, 123 S.W.2d 322; Twin City Fire Ins. Co. v. Turnbow, Tex.Civ.App., Eastland, 135 S.W.2d 641 (no writ). Appellee sued in county court at law for $30, plus penalty and reasonable attorney's fees. The judgment was for the total amount of $133.-60. In cases of this nature, attorney's fees when recovered go to the insured and become a part of the recovery and a part of the amount for which suit was brought. John v. Universal Life & Acc. Ins. Co., (Tex.Comm.App., 1936), 94 S.W.2d 1145; National Life & Acc. Ins. Co. v. Moore, Tex.Civ.App., Austin, 104 S.W.2d 897 (no writ). Since attorney's fees constitute a part of the amount in controversy, appellate jurisdiction in this case was conferred when the petition was filed and jurisdiction attached in county court at law. Wichita Valley Ry. Co. v. Leatherwood, Tex.Civ. App., Amarillo, 170 S.W. 262 (no writ). Subsequent remittitur as to part of the recovery will not defeat the jurisdiction conferred by averments of the petition upon which the cause was tried. Barnes v. Bryce, Tex.Civ.App., Fort Worth, 140 S.W. 240 (no writ).

We conclude that we have jurisdiction of the appeal and overrule appellee's motion to dismiss.

Appellant assigns five points of error. The first four pertain to various aspects of the plea of res judicata and will be treated together. The fifth point urges that the judgment is not supported by any legal evidence.

We overrule all five assignments of error.

Under the doctrine of res judicata a cause or claim is barred if the matter has been decided. The rule was stated in 1885 by the Supreme Court of Texas, and has been consistently followed since that time, that:

"A matter is not generally regarded as res adjudicata unless there be a concurrence of the four conditions following, namely: 1st. Identity in the thing sued for; 2d. Identity of the cause of action; 3d. Identity of persons and of parties to the action; 4th. Identity of the quality in the persons for or against whom the claim is made." Philipowski v. Spencer, 63 Tex. 604, 606–607.

It is undisputed that appellee made application for hospital and surgical expense policy of insurance August 25, 1959, and appellant insurance company issued the policy to appellee September 9, 1959. Appellee's wife, who was named in the policy, was in Seton Hospital in Austin in April and May, 1963, and when proof of loss was made, appellant insurance company denied liability. Appellee brought suit April 6, 1964, in district court (Cause No. 136,657) and obtained judgment February 9, 1965, for $1,748.99, including award for hospital and medical services, statutory penalty, and attorney's fees. The judgment was paid and satisfaction and release of the judgment was filed February 9, 1965, the date of the judgment.

Late in November, 1963, appellee's wife re-entered the hospital and remained there until her death June 24, 1964. Again, when proof of loss was made, appellant insurance company denied liability, and appellee brought suit in district court (No. 143,761) for hospital services, surgical supplies and medicines, plus statutory penalty and attorney's fees.

In February, 1964, appellee fell in his home and suffered a broken collarbone. He received medical care and presented proof of loss in the amount of $30 in compliance with the schedule fixed by the policy. Appellant insurance company denied liability, and appellee brought the suit now before this Court March 26, 1965, in justice court.

When appellee filed the first suit, on April 6, 1964, neither of the two other claims had matured. The claim for the broken collarbone was presented to appellant by proof of loss dated March 26, 1964. General Provision No. 11 of the policy precludes the insured from bringing suit before the expiration of sixty days after written proof of loss has been furnished the insurance company. Appellee was prevented by terms of the policy from bringing suit until sometime after May 26, 1964, some seven weeks after the first suit had been filed. The third claim, for the terminal hospital period for appellee's wife, did not mature until sixty days after proof of loss following her death June 24, 1964, which would have been several months after the first claim had matured and after suit had been filed.

Appellant contends that judgment in the first suit, that case being on the same policy of insurance covering the two subsequent claims is res judicata in the cause before this Court and, presumably, in the third case now pending in district court. The record shows that when the first case (No. 136,657) was on trial in January, 1965, and prior to judgment, appellant made no move seeking to bring all three claims into that cause. Appellant's answer consisted of a general denial, under which appellant offered evidence, which was rejected by the trial court, to prove fraud on the part of appellee in obtaining the policy of insurance. But nothing was done by appellant, by way of plead-

ing, to bring all three claims into the cause on trial, although the other suits had been filed prior to trial of the first case.

■ In asserting that the judgment in the district court (No. 136,657) is res judicata of the present demand, appellant invokes a rule generally treated as a part of the doctrine of res judicata, but which primarily is based upon the rule that forbids splitting a single cause of action into separate suits. Craig v. Broocks, First District, 1910, 60 Tex.Civ.App. 83, 127 S.W. 572 (writ ref.); Sovereign Camp, W. O. W. v. Helm, Tex. Civ.App., El Paso, 94 S.W.2d 521 (writ ref.).

In Sovereign Camp, W. O. W. v. Helm, supra, the beneficiary of a life policy filed suit, after making demand and after refusal of payment by the insurer. For failure to pay within sixty days after demand, the insurer by statute was subject to payment of 12 percent penalty and attorney's fees. The original petition did not plead penalty and attorney's fees, and it is not clear whether suit was filed before or after expiration of the sixty-day period.

The beneficiary amended her petition before trial, and after expiration of the sixty-day period, but failed to include demand for penalty and attorney's fees in the amended petition. Plaintiff obtained judgment for the amount of the policy with interest, and the judgment was paid.

When the beneficiary sued later in a separate action to recover penalty and attorney's fees, the court pointed out that the right to these demands had accrued, and, being a part of the entire claim against the insurer, could have been included when the amended petition was filed. The appellate court held that the second suit was barred, since all claims had accrued when the suit was amended, and the demands could not be split into separate actions. 94 S.W.2d 521, 523, col. 1.

■ In filing the three lawsuits, appellee sought all damages and everything that had matured under each claim at the time of filing. Appellee's suits were for three separate and distinct claims of indemnity under the policy of insurance. Each claim required different proof and each cause of action arose at a different time and under different circumstances, and in one claim indemnity was claimed for a different beneficiary. Since appellee had three separate and distinct causes of action, maturing at different times and sued on separately as the claims accrued, there is no rule of practice requiring appellee to amend his pleadings to introduce into one lawsuit all causes of action, and judgment in the first cause will not constitute res judicata as to the subsequent suits. Ben C. Jones & Co. v. Gammel Statesman Pub. Co., 100 Tex. 320, 99 S.W. 701, 8 L.R.A.,N.S., 1197.

Appellant relies on Texas Employers' Insurance Assn. v. Rampy, 392 S.W.2d 350 (Tex.1965) in contending that the results in this cause before the trial court are in direct conflict with the holding of the Supreme Court. In Texas Employer's Insurance Assn. v. Rampy the claimant had three heat strokes within a period of about six weeks. The claim was litigated after all three strokes, but only two strokes were presented and passed on by the Industrial Accident Board and the district court, after which judgment was entered. Later the claimant brought a separate action on two strokes, naming different dates and places. The Supreme Court held that the claim arising out of the three heat strokes was res judicata as to the later claims for the same strokes.

■ We cannot agree that the facts of the cause before this Court are comparable. The several causes of action brought by appellee are distinct and separate. When the first suit was brought, only the claim there sued on had matured. All three suits involve the same parties and the same contract, but the causes do not constitute suits for breach of an entire contract in the usual sense. Though the policy obviously constitutes the entire contract, the obligation un-

der it is severable, and a prior claim does not of itself render subsequent claims barred under the doctrine of res judicata. See Driggers v. Business Men's Assurance Company, U.S.Ct.App., Fifth Circuit, 219 F.2d 292, 297, col. 2, et seq.

Even though appellee's three claims sued upon might be joined or consolidated, the rule against splitting of causes has no application, since the causes are separate and distinct. The object of the policy was to indemnify appellee as long as the policy was in force. Indemnification was continuing, and the contract is divisible. When appellant denied liability and refused to pay the amount due under the policy, each failure to comply gave rise to a separate cause of action, each claim being distinct from the other. Appellee was entitled to bring suit on each claim as it became due. Universal Life & Accident Ins. Co v. Shaw, 139 Tex. 434, 163 S.W.2d 376; Sovereign Camp, W. O. W. v. Cayton, Tex.Civ.App., Amarillo, 74 S.W.2d 158 (writ dsmd.); State Life Ins. Co. v. Wilson, Tex.Civ.App., Amarillo, 57 S.W.2d 355 (no writ); Rau v. American Nat. Ins. Co., Tex.Civ.App., Dallas, 154 S. W. 645 (no writ). The authorities cited are decisions under contracts providing for installment payments, but we think the underlying principle, that a separate action may be brought as each liability accrues, applies with equal force to separate claims for indemnity. The actions may be split, provided when each suit is filed, all claims due at that time, and not theretofore sued on, must be included. By the terms of the policy appellant contracted to indemnify appellee if he incurred certain hospital and medical expenses. Appellee had a right of action for each incident, or period in a hospital, upon proof of loss and expiration of sixty days. By bringing suit for the first claim, growing out of hospital expense and surgery in April and May of 1963 then past due, appellee was not estopped from instituting suits on the other claims when due, and reducing the first claim to judgment will not constitute res judicata in the remaining claims, which could not have been filed with the first because neither had matured at the time. Rau v. American National Insurance Co., supra.

Appellant's fifth and last point of error is that the judgment was without legal evidence to support it. Appellant argues that no legal evidence was before the court establishing that appellee broke his collarbone, or that, if he did have a broken collarbone, appellee had incurred medical or hospital expense as a result. Appellant asserts that the policy does not promise to pay for a fractured collarbone, if it was broken, unless there was expense as a result.

This case was tried before the court without aid of a jury. Appellee testified that he broke his collarbone February 16, 1964, and that the same day Dr. Kermit W. Fox, a bone specialist, examined appellee at Seton Hospital, caused x-rays to be made, and applied "a figure 8" in treatment. Appellee also testified that he later presented his claim for $30 to appellant, together with a signed statement of the attending physician, in proof of loss, which was not paid. Findings of fact filed by the trial court in response to request of appellant expressly show that there was proof of the accidental injury, that medical attention was obtained, and that proof of loss in the amount of $30 was made to appellant after which appellant denied liability and refused payment. Appellant's contention of no legal evidence is without support in the record, and is overruled.

The judgment of the county court at law is affirmed.

Affirmed.